96276crk.wrv.wpd
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-276-CR

     CECOLA JEAN MOZON,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 
 
From the 66th District Court
Hill County, Texas
Trial Court # 30,506
                                                                                                                 

O P I N I O N
                                                                                                                 

      Cecola Jean Mozon was indicted for aggravated assault. Tex. Pen. Code Ann. § 22.02
(Vernon 1994). The jury found her guilty and assessed punishment at five years' community
supervision. Mozon appeals on five points, arguing that the court erred in excluding certain
evidence and in submitting the jury charge. We will affirm the judgment.
BACKGROUND
      Mozon was a pregnant, seventeen-year-old high school student when she threw gasoline on
Rodrick Brown, a fellow student, and set him on fire in the Hillsboro High School cafeteria. She
was charged with aggravated assault with a deadly weapon. The jury rejected Mozon's claim of
self-defense, found her guilty of aggravated assault, but found she had not used a deadly weapon.
EXCLUSION OF PRIOR VIOLENT ACTS
      In her first point, Mozon argues that the court erred in excluding evidence of her knowledge
of Brown's prior violent acts because that knowledge was relevant to her self-defense claim.
      Mozon testified that Brown had begun harassing her in September 1995. He pulled her hair
and grabbed her breasts and called her “bitch” and “whore.” On the Friday before the Monday
attack, Brown told Mozon to take off her “dead” shirt


 and threw rocks at her. That evening,
Brown told Mozon he was going to “beat her ass” Monday morning. She saw Brown Saturday
night, and he told her he was going to beat the baby out of her. Mozon testified that she was upset
by the threats and believed Brown's threats were serious.
      Mozon testified that she debated about what action to take. She considered stabbing Brown,
but did not want to get that close to him. She thought about getting a gun, but did not want to
seriously injure him. She decided on setting Brown on fire, thinking that he would quickly put out
the flames and not be injured. 
      On Monday morning, September 25, Mozon purchased gasoline. Once at school, she saw
Brown in the hall. He told her he was going to show her how tough he was. When she sat down
in the cafeteria at lunch, Brown sat nearby. He again told her he was going to show her how tough
he was when he finished eating. Brown's friend, Bo Posey, went to the front of the cafeteria as
if to look for teachers. When Brown finished eating, he slid his tray to the side. 
      Mozon testified that she could have gotten up and left. However, she said she was tired of
running and believed she had no choice. She believed that, when Brown slid his tray away, he was
going to carry through on his prior threats.
      Outside the presence of the jury, Mozon testified about three prior incidents involving Brown. 
She testified that Brown had put out his cousin's eye, had knocked out a girl's tooth, and had hit
another student with a board during a fight at school. She did not know if Brown had intentionally
put out his cousin's eye, and she did not remember when Brown had knocked out the girl's tooth. 
      Mozon argued that, because she knew of these incidents, they were admissible to show she
believed Brown would carry out his threats on her. Thus, her knowledge went to her state-of-mind
as to self-defense. The State objected that self-defense had not been raised. Alternately, the State
argued that, if self-defense were properly raised, the testimony was not relevant because Mozon
did not know whether the acts were intentional or when they had occurred and that the evidence
was vague and remote. The State further argued that there was no evidence to justify the use of
deadly force. The court determined that the evidence was relevant but excluded it under Rule 403. 
Tex. R. Crim. Evid. 403. 
      Character evidence is not admissible to prove that a person acted in conformity therewith
except in certain situations. Id. 404(a). Evidence of a “pertinent trait” of a victim of a crime may
be offered by the accused. Id. 404(b)(2). Generally, character evidence is admitted through
opinion and reputation testimony. Id. 405(a). Specific instances of conduct are admissible when
the character or trait is an essential element of a defense. Id. 405(b). 
      In attempting to prove self-defense, a defendant may claim that she (1) was in actual danger
from the victim or (2) reasonably believed she was in danger from the victim. Texas Rules of
Evidence Manual, Hulen D. Wendorf, et al., IV-51 (4th ed. 1995). If the defensive theory
is actual danger, character evidence of the victim is governed by Rule 404(a)(2). The defendant
may offer opinion or reputation evidence of the victim's aggressive character but not specific
instances of conduct. Id. If the defensive theory focuses on the defendant's state of mind—the
reasonable fear the defendant felt—Rule 404(a)(2) is not applicable. Id. The defendant may rely
on reputation and opinion testimony and evidence of prior specific instances of conduct by the
victim to establish the basis for the defendant's state of mind. Id. The focus is not on the victim's
true character but on the state of mind of the defendant. Id. Thus Rules 404 and 405 are not
implicated. Id.
      The determination of admissibility of evidence lies within the discretion of the trial judge, and
rulings on admissibility will not be disturbed on appeal if they are supported by the record. Lucas
v. State, 791 S.W.2d 35, 47 (Tex. Crim. App. 1989). Assuming Mozon's testimony went to her
belief that she was in danger from Brown, the testimony was relevant—as the trial judge
determined. The next question is whether the court can exclude evidence relevant to self-defense
under Rule 403. 
      Rule 403 provides:
Although relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury,
or by considerations of undue delay, or needless presentation of cumulative evidence. 
Tex. R. Crim. Evid. 403. 
      Mozon argues that Rule 403 is not a proper ground for excluding the evidence, citing 
Gonzales v. State, 838 S.W.2d 848, 862 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). 
Although we understand Mozon's argument, we do not find that the court abused its discretion in
excluding the testimony. Mozon did not know if the acts were intentional and was uncertain of the
time frame. She had testified as to Brown's acts of violence towards her shortly before the
incident—throwing rocks at her, grabbing her breasts, and threatening her. Other witnesses
testified that Brown had threatened Mozon, that he had been in the alternative school before the
incident, and that he did not have a reputation as a peaceful, law-abiding citizen.
      We will not reverse the trial court unless the decision lies outside the zone of reasonableness. 
Rogers v. State, 853 S.W.2d 29, 32 (Tex. Crim. App. 1993). We cannot say that the court abused
its discretion either in conducting the Rule 403 balancing test or in making the determination that
the dangers mentioned in the Rule substantially outweighed the probative value of the evidence. 
Tex. R. Crim. Evid. 403. We overrule point one.
LESSER-INCLUDED OFFENSE
      Mozon's second point asserts that the court erred in failing to give an instruction on deadly
conduct. An offense is a lesser-included offense if: (1) it is established by proof of the same or less
than all facts required to establish the greater offense, (2) it differs from the greater offense only
in the respect that proof of a less serious injury or risk of injury is sufficient to establish it, (3) it
differs from the greater offense only in the respect that proof of a less culpable mental state is sufficient to establish it, or (4) it consists of an attempt to commit the greater offense or an otherwise
included offense. Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 1981). 
      In determining whether a jury must be instructed concerning a lesser-included offense, a two-step analysis must be applied. Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App.
1993). First, the lesser-included offense must be included within the proof necessary to establish
the offense charged. Id. at 673. Second, there must be some evidence from which a rational jury
could find that if the defendant is guilty, he is only guilty of the lesser offense. Id.; see also
Moreno v. State, 702 S.W.2d 636, 640 (Tex. Crim. App. 1986). The determination of whether
a lesser-included offense instruction should have been given is on a case-by-case basis. Johnson
v. State, 828 S.W.2d 511, 514 (Tex. App.—Waco 1992, pet. ref'd).
      A person commits the offense of deadly conduct if she “recklessly engages in conduct that
places another in imminent danger of serious bodily injury.” Tex. Pen. Code Ann. § 22.05
(Vernon 1994). Mozon was charged with aggravated assault by “unlawfully, intentionally,
knowingly, or recklessly caus[ing] serious bodily injury” to Brown. She argues that deadly
conduct does not require proof of actual injury and is thus a lesser-included offense of aggravated
assualt.
      The element of recklessness is common to both offenses. The element which would distinguish
the offenses—actual serious bodily injury versus the danger of serious bodily injury—is undisputed. 
Brown was severely burned, requiring hospitalization and extensive corrective surgeries. The facts
of this record did not require a charge on deadly conduct. Johnson, 828 S.W.2d at 516. We
overrule point two.
THE RULE
      Mozon's third point asserts that the court erred in excluding the testimony of Catrisha Gainer,
who testified about Brown's reputation. However, the State objected on the grounds that Gainer
had been in the courtroom during testimony in violation of “the Rule.” See Tex. R. Crim. Evid.
613. The sum of Gainer's testimony was that Brown had a bad reputation for being a peaceful,
law-abiding person. Mozon and another witness had already testified to that bad reputation. Any
error did not affect a substantial right of Mozon's. Tex. R. App. P. 44.2(b). We overrule point
three.
 
CHEMICAL DISPENSING DEVICE
      In her fourth point, Mozon asserts that the court erred in submitting a jury instruction which
limited her claim of self-defense. The jury was instructed:
The use of force against another is not justified if the actor sought an explanation from or
discussion with the other person concerning the actor's differences with the other person while
the actor was carrying a weapon, including a chemical dispensing device.
 
See Tex. Pen. Code Ann. § 9.31(b)(5) (Vernon Supp. 1998). The Penal Code defines a “chemical
dispensing device” as:
[A] device, other than a small chemical dispenser sold commercially for personal
protection, that is designed, made, or adapted for the purpose of dispensing a substance
capable of causing an adverse psychological or physiological effect on a human being.
 
Id. § 46.01(14) (Vernon 1994).
      Under the facts of the case, we do not find error. Mozon adapted a child's drinking cup to
hold gasoline. She then dispensed the gasoline onto Brown and set him on fire. The jury
instruction follows the language of section 9.31(b)(5) which limits the applicability of self-defense. 
We overrule point four.
EXCLUSION OF EXPERT TESTIMONY
      In her final point, Mozon argues that the court erred in excluding the testimony of a
psychiatrist concerning the effect the incident had on her. Dr. Stephen Mark examined Mozon
before trial. He testified that she had low self-esteem, was quiet and reserved, and possessed low
-average intelligence. He also testified that pregnant women have a subconscious sense of self-protection and protection of their babies.
      Outside the jury's presence, Mark testified that Mozon suffered from a form of post-traumatic
stress disorder. He testified that this condition indicated a sense of guilt and remorse over the
incident. Mozon argued that, because she felt guilt and remorse, this circumstantially showed that
she had lacked the intent to harm Brown. The court excluded the evidence as being inappropriate
in the guilt-innocence phase.
      The determination of admissibility of evidence lies within the discretion of the trial judge. 
Lucas, 791 S.W.2d at 47. We cannot say that the court abused its discretion in excluding this
testimony. Id. We overrule point five.
      We affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice
 
Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed December 17, 1997
Do not publish