John Hardie ROGERS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 0268–90, 0269–90.

Court of Criminal Appeals of Texas, En Banc.

March 31, 1993.

Rehearing Denied May 12, 1993.

Tom Moran, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Linda A. West, Casey J. O'Brien, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S MOTION FOR REHEARING ON APPEL-LANT'S PETITION FOR DISCRE-TIONARY REVIEW*

MALONEY, Judge.

Appellant was charged in a single indictment with having committed two separate burglaries of a habitation, TEX. PENAL CODE ANN. § 30.01, and with possession of a controlled substance, methamphetamine, weighing less than 28 grams, TEX. HEALTH & SAFETY CODE § 481.115(b). Appellant was convicted of all three offenses in a single trial. The jury assessed punishment at twenty years and a fine of ten thousand dollars for the possession offense and at thirty years for each of the burglary offenses, to run concurrently. The Court of Appeals for the Fourteenth Judicial District affirmed the judgment of the trial court in an unpublished opinion. *Rogers v. State*, Nos. C14–89–00429–CR, C14–89–00579–CR, slip op., 1990 WL 4645 (Tex.App.—Houston [14th Dist.] Jan. 25, 1990). Appellant filed a petition for discretionary review which we refused. Appellant subsequently filed a Motion for Re-

hearing. We granted two of appellant's four grounds for rehearing.[1]

On the night of January 14, 1989, several Houston Police Department officers went to appellant's residence with an arrest warrant for appellant in connection with a burglary of a habitation. Upon entering the house, the officers observed appellant sitting on a couch in the living room, pushing a package down between the cushions of the couch. The officers recovered the package from the couch and later determined it contained methamphetamine. Appellant was placed under arrest pursuant to the burglary arrest warrant. In the meantime, a search of the house was conducted and marijuana was recovered from between a mattress and box springs in a rear bedroom. Appellant informed the officers that the marijuana belonged to him.

At trial, the State offered appellant's written confession in which he admitted using and selling marijuana and methamphetamine. Appellant objected to the following portion of the confession as constituting irrelevant extraneous offense evidence:

> I also have in my possession at my residence a quantity of marijuana approximately four ounces, I had put it in my mother's bedroom. I am a marijuana user and sell small quantities of it. I am also a methamphetamine dealer and sell quarter grams to finance my methamphetamine habit.

State's Exhibit No. 2A. The State argued that evidence pertaining to the marijuana was res gestae of the offense and that appellant's statements regarding the methamphetamine were admissible to show motive to commit the burglaries. The trial court overruled appellant's objections and the confession was admitted. Also admitted was testimony describing the recovery of the marijuana and appellant's oral statement that the marijuana belonged to him.

---

1. We granted grounds three and four of appellant's motion for rehearing:

 3. Whether a defendant waives his right to appeal the improper admission of extraneous offenses by cross-examining the State's witnesses about those offenses after the admission of the extraneous offense?

 4. What is the standard for admission of evidence of extraneous offenses pursuant to TEX.R.CRIM.EVID. 403 and 404(B)?

We also originally granted ground two of appellant's motion for rehearing. However, we have

The court of appeals held that the trial court properly admitted the extraneous offense evidence concerning "the marijuana and the references to it in the confession ... because it was res gestae of the offense charged (possession of methamphetamine)." The court of appeals also concluded that since appellant had introduced evidence of the weight of the marijuana and the officer's opinion that the amount of methamphetamine recovered was not for personal use, appellant could not complain.

## I. *Extraneous Offense Evidence*

■ Appellant argues in his motion for rehearing that the evidence was irrelevant extraneous offense evidence and inadmissible under the Rules of Criminal Evidence.[2] We have recently addressed the doctrine of res gestae (or "background evidence" as it is now called) in light of Rules of Criminal Evidence 401 and 404(b), setting forth a two-part test to be applied in determining the admissibility of background evidence. *Mayes v. State*, 816 S.W.2d 79, 84–87 (Tex.Crim.App.1991). The first question to be addressed is whether the background evidence is relevant under Rule of Criminal Evidence 401. *Id.* at 84. If the background evidence in question is relevant, the next issue to be resolved is whether the evidence "should be admitted as an 'exception' under Rule 404(b)."[3] *Id.* at 85.

■ Applying the *Mayes* test to the instant case, our first step is to determine whether the evidence pertaining to the marijuana[4] was "relevant" under Rule of Criminal Evidence 401. Rule 401 provides that:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

TEX.R.CRIM.EVID. 401.

The relevancy of the marijuana to either of the instant offenses is a close question. Evidence that appellant uses and sells one type of a controlled substance (marijuana) could arguably make it more probable that appellant would also be inclined to be in possession of another type of illegal substance (methamphetamine). While this Court is not necessarily convinced of the relevancy of the marijuana evidence under that argument, we will not "superimpose [our] own judgment as to relevance over that of the trial court". *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex.Crim.App. 1991) (op. on reh'g). As we have recognized, "[r]easonable men may disagree whether in common experience a particular inference is available" and we will not disturb a trial court's ruling as long as it is within the zone of reasonable disagreement. *Id.* at 391. We hold that it was within the zone of reasonable disagreement

---

determined that ground two was improvidently granted and it is therefore dismissed.

2. Specifically, appellant complains of the admission of evidence pertaining to the marijuana and to his sale and use of methamphetamine.

3. Rule of Criminal Evidence 404(b) provides as follows:

**Other crimes, wrongs, or acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan knowledge, identity, or absence of mistake or accident, provided, upon timely request by the accused, reasonable notice is given in advance of trial of intent to introduce in the State's case in chief such evidence other than that arising in the same transaction.

TEX.R.CRIM.EVID. 404(b). This rule, referred to in *Mayes* as the "propensity rule", codified the common law principle that a defendant should be tried only for the offense for which he is charged and not for being a criminal generally.

Although we did not reach the issue in *Mayes*, nor do we here, we note that if the background evidence is admissible as an exception under Rule 404(b), the determination must then be made "whether the danger of undue prejudice outweighs the probative value", assuming that issue was properly preserved. *Montgomery v. State*, 810 S.W.2d 372, 388–89 (Tex.Cr.App.1991) (op. on reh'g).

4. We note that while the court of appeals held that the evidence regarding the recovery of marijuana and the statements in the confession regarding the marijuana was res gestae evidence, it did not refer to the portions of the confession pertaining to methamphetamine as res gestae evidence.

for the trial court to find that the evidence pertaining to the marijuana was relevant.

▮ The next step under *Mayes* is to determine whether the background evidence at issue is admissible as an exception under Rule of Criminal Evidence 404(b). Although Rule 404(b) enumerates specific purposes for which "other crimes, acts or wrongs" are admissible, the Rule's list of "other purposes" is "neither exclusive nor collectively exhaustive." *Montgomery*, 810 S.W.2d at 388. The question, then, is for what purpose might background evidence be admitted under Rule 404(b). In addressing that question, *Mayes* distinguished between two types of background evidence: (1) evidence of other offenses connected with the primary offense, referred to as "same transaction contextual evidence" and (2) general background evidence, referred to as "background contextual evidence".[5] *Mayes*, 816 S.W.2d at 86–87.

▮ The evidence pertaining to appellant's possession, use and sale of marijuana constitutes "same transaction contextual evidence" rather than "background contextual evidence", as such evidence is of "acts, words and conduct" of appellant at the time of his arrest.[6] *See id.* at 86–87 n. 4. Same transaction contextual evidence is ad-missible as an exception under Rule 404(b) where such evidence is *necessary* to the jury's understanding of the instant offense:

> Same transaction contextual evidence is deemed admissible as a so-called exception to the propensity rule where "several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them cannot be given without showing the others." [citation omitted] The reason for its admissibility "is simply because in narrating the one it is impracticable to avoid describing the other, and not because the other has any evidential purpose." [citation omitted] Necessity, then, seems to be one of the reasons behind admitting evidence of the accused's acts, words and conduct at the time of the commission of the offense. [citation omitted]

*Id.* at 86–87 n. 4. Necessity, then, is an "other purpose" for which same transaction contextual evidence is admissible under Rule 404(b). Only if the facts and circumstances of the instant offense would make little or no sense without also bringing in the same transaction contextual evidence, should the same transaction contextual evidence be admitted.[7]

---

5. We concluded in *Mayes* that background contextual evidence offered only for the reason that it is "background" evidence and therefore helpful to the jury is not admissible as one of the "other purposes" for which evidence may be admitted under Rule 404(b). In *Mayes*, the defendant committed an aggravated kidnapping while incarcerated in the "administrative segregation" unit of the prison. *Mayes*, 816 S.W.2d at 80. The defendant challenged the admission of evidence regarding the location of the offense (the administrative segregation unit) as bad conduct evidence not authorized under Rule 404(b). We characterized the challenged evidence as background contextual evidence. *Id.* at 87. Noting the reluctance of other courts to admit this type of background evidence on contextual grounds, we held that

> character evidence offered on the rationale that it is 'background' evidence helpful to a jury, but apparently in conflict with the proscription of Rule 404(b), is not admissible as one of the alternative purposes such evidence may be introduced under Rule 404(b).

*Id.* at 88.

6. Although *Mayes* referred to "acts, words and conduct at the time of *the commission of the offense*" (emphasis added), same transaction evidence may also arise at the time of the arrest, just as res gestae evidence has in the past been characterized as res gestae of the offense or res gestae of the arrest.

7. Although necessity has long been touted as an important underlying rationale for admitting extraneous offense evidence under a background evidence (or res gestae) theory, we recognize that pre-*Mayes* caselaw was not always consistent in remaining true to that premise. *Compare Archer v. State*, 607 S.W.2d 539, 542 (Tex.Cr.App.1980), *cert. denied*, 452 U.S. 908, 101 S.Ct. 3037, 69 L.Ed.2d 410 (1981) (in trial for unlawful possession of firearm it was proper to admit evidence of drugs found in the appellant's coat pocket as res gestae); *Franklin v. State*, 494 S.W.2d 825, 827 (Tex.Cr.App.1973) (in trial for possession of marijuana it was proper to admit evidence of other drugs found at the appellant's apartment as res gestae, but it was not proper to admit evidence of the long term

In narrating appellant's arrest for the instant offenses it would not have been impracticable to avoid describing the recovery of the marijuana and appellant's confessed use and sale of marijuana. *See id.* The State could simply have described the events of appellant's arrest without mentioning that marijuana was found, in addition to methamphetamine. The jury's understanding of the instant offenses would not have been impaired or clouded had the State described appellant's arrest without including the evidence concerning the marijuana. Such omission would not have caused the evidence regarding the instant offenses (burglary and possession of methamphetamine) to appear incomplete. Further, omission of the objectionable portion of appellant's written confession would not have rendered the remaining portions of the confession confusing or questionable. We hold that the evidence concerning the marijuana was not "necessary" to the jury's understanding of the offenses of burglary and possession of methamphetamine and was therefore not admissible as same transaction contextual evidence under Rule of Criminal Evidence 404(b).[8] The court of appeals erred in holding that such evidence was admissible as "res gestae" of the offense.

## II. *Waiver*

The court of appeals held that appellant waived any error[9] regarding the admission of the extraneous offense evidence by eliciting testimony that the amount of methamphetamine seized was not for personal use and by eliciting testimony as to the weight of the marijuana. Appellant claims that error was not waived because appellant elicited that testimony in an effort to "take the sting out of evidence which had already been admitted over his objection". We agree with appellant.

effects of such drugs) *with Couret v. State,* 792 S.W.2d 106, 108 (Tex.Cr.App.1990) (hypodermic needle found in appellant's pocket when arrested at burglarized warehouse was inadmissible as circumstance of the arrest in trial for burglary); *Bush v. State,* 628 S.W.2d 441, 443–44 (Tex. Cr.App.1982) (in trial for murder of police officer committed at the scene of the appellant's burglary of a pharmacy it was improper to admit evidence of the appellant's use of Preludins as res gestae, even where the appellant committed the burglary in an attempt to find Preludins).

8. We also reject the State's argument that appellant's confessed use and sale of methamphetamine was admissible to show "motive" to commit the burglaries under Rule of Criminal Evidence 404(b). We have previously held such arguments to be overly speculative and without merit. *Couret v. State,* 792 S.W.2d 106, 108 (Tex.Crim.App.1990) (where appellant was charged with burglary of a building, a hypodermic needle found in his pocket was not admissible because there was "no indication that appellant burglarized the warehouse to obtain money or property to support a drug habit"); *Bush v. State,* 628 S.W.2d 441 (Tex.Crim.App.1982) (commission of burglary could have been proven "without injecting testimony tending to portray appellant as a drug addict"); *Powell v. State,* 478 S.W.2d 95 (Tex.Crim.App.1972) (testimony concerning needle marks on appellant's arm at the time of his arrest was inadmissible in prosecution for theft because there was no "affirmative link" shown between theft and accused's use of drugs). In *Powell* we quoted from a Second Circuit opinion discussing the admissibility of evidence of a defendant's drug use to prove motive in a theft case:

> ... There was no evidence how often [the accused] took narcotics, or what the maintenance of such a habit cost him, or that he was unable to obtain narcotics because of a shortage of money. In effect the evidence only showsthat he *might* have lacked money and therefore might have had a motive to commit the crime ... We think this is too remote; the need for money being speculative the motivation can be no better. Whatever probative value this evidence had, it was outweighed by its prejudicial effect. It would place far too much stress on the mere fact of his addiction alone.

*Powell,* 478 S.W.2d at 98 (quoting *United States v. Mullings,* 364 F.2d 173, 175 (2nd Cir.1966)) (emphasis in original).

9. Although the court of appeals did not expressly state that appellant "waived" error, that was the rationale for its holding. After concluding that the evidence regarding the marijuana was admissible as res gestae, the court of appeals said:

> In addition, the appellant himself introduced evidence of (1) the weight of the marijuana, and (2) the officer's opinion that the amount of methamphetamine was not for personal use. Neither of these statements had been first elicited by the State. A defendant can not complain about evidence which he himself introduced. *Adams v. State,* 685 S.W.2d 661, 669 (Tex.Cr.App.1985).

*Rogers,* Nos. C14–89–00429–CR, C14–89–00579–CR, slip op. at 4–5, 1990 WL 4645.

The general rule is that error regarding improperly admitted evidence is waived if that same evidence is brought in later by the defendant or by the State without objection. *See, e.g., Ethington v. State,* 819 S.W.2d 854, 858–60 (Tex.Crim. App.1991); *Maynard v. State,* 685 S.W.2d 60, 65 (Tex.Crim.App.1985); *Alvarez v. State,* 511 S.W.2d 493 (Tex.Crim.App.1973) (op. on reh'g). However, error is not waived when the evidence is brought in later in an effort to meet, rebut, destroy, deny or explain the improperly admitted evidence. *See, e.g., Maynard,* 685 S.W.2d at 65; *Evers v. State,* 576 S.W.2d 46 (Tex. Crim.App.1978); *Alvarez,* 511 S.W.2d at 499.

The State's witness, Sergeant Larry Michael, testified on direct examination that he "found a lot of marijuana" at appellant's residence the night of appellant's arrest. Michael further testified on direct that they recovered "a lot" of bags of marijuana and that some of the marijuana was "all rolled and prepackaged." On cross examination, appellant asked Michael to specify exactly how much marijuana was recovered, whereas Michael testified as to its estimated weight. Appellant's questions did not waive error because they sought to explain Michael's vague testimony about "a lot of marijuana", which left to the imagination of the jury how much was found. Neither did appellant waive error by his efforts to elicit testimony that the amount of methamphetamine recovered was relatively small and only for personal use, as such testimony was an attempt to rebut the State's evidence that the methamphetamine seized was packaged for sale and that appellant was a dealer.[10]

Having found that the extraneous offense evidence was erroneously admitted, we vacate the judgment of the court of appeals, and remand this cause to the court of appeals to conduct a harm analysis with respect to the admissibility of the extraneous offense evidence. TEX.R.APP.P. 81(b)(2).

McCORMICK, P.J., and WHITE, J., concur in the result.

CLINTON, Judge, concurring.

I join the majority opinion in this cause, but only with the following supplement. The majority observes that:

"[e]vidence that appellant uses and sells one type of controlled substance (marijuana) could arguably make it more probable that appellant would also be inclined to be in possession of another type of illegal substance (methamphetamine)."

Majority opinion at 32. Thus the majority finds that the trial court could have been justified in finding appellant's sale and use of marijuana relevant to show he possessed methamphetamine, presumably under Tex. R.Cr.Evid., Rules 401 and 402. The majority then proceeds to inquire whether it is admissible under any of the "exceptions" enumerated in Tex.R.Cr.Evid., Rule 404(b). It is important to note in this process that the relevance the majority discerns under Rules 401 and 402 is purely of the "character conformity" variety. Rule 404(b) prohibits the use of such evidence, albeit relevant in that respect, unless the evidence may also tend to establish a fact of consequence quite apart from its "character conformity" value, by way of showing, e.g., motive, intent, etc. Otherwise, the rulemakers have already determined as a matter of law that the evidence is substantially more prejudicial than probative. See *Montgomery v. State,* 810 S.W.2d 372, at 387 (Tex.Cr.App.1991) (Opinion on rehearing on Court's own motion).

Rule 404(b) does not contain an exhaustive list of ways that evidence of "other crimes, wrongs, or acts" may establish a fact of consequence other than by character conformity. However, the majority makes the same mistake it did in *Lockhart v. State,* 847 S.W.2d 568 (Tex.Cr.App.1992, rehearing denied February 24, 1993), to interpret *Mayes v. State,* 816 S.W.2d 79

---

10. The evidence of appellant's dealing in methamphetamine included his confession and, arguably, testimony by Sergeant Michael that the methamphetamine was packaged in "little baggies."

**36**

(Tex.Cr.App.1991), to hold that evidence of "other crimes, wrongs, or acts" that are part of the "same transaction" as the offense prosecuted are admissible under Rule 404(b). *Mayes* did not decide that question, but left it open. *Lockhart v. State*, supra, (Clinton, J., dissenting, at 575). In any event, I am willing to join the majority's addition of "necessity" to the list of permissible uses of "other crimes, wrongs, or acts" evidence under Rule 404(b), majority opinion at 33, bearing in mind the following three qualifications.

First, it should be understood that by "necessity" is meant that it is impossible to present a coherent picture of the charged offense without inadvertently proving the "other crime, wrong, or act." In this sense, of course, it is not so much that the proponent of the evidence can put it to some "purpose" other than character conformity, under Rule 404(b), as much as that he simply cannot present his case without also incidentally proving the extraneous offense. Second, because the evidence is only admitted out of "necessity," and does not genuinely serve a "purpose" other than character conformity, a limiting instruction should always be given upon request of the opponent of such evidence. Third, and again because "necessity" is not truly a "purpose" other than character conformity to which "other crimes, wrongs, or acts" can be put, neither this Court nor trial courts should allow the word to degenerate into a talisman for admissibility, as over the years "res gestae" did. To avoid that potentiality, trial courts should require the proponent of the evidence, upon objection, convincingly to explain that coherent proof of the charged offense unavoidably establishes the "other crime, wrong, or act" as well, just as the proponent must satisfy the trial court that one of the actual "purposes" to which such evidence may be admitted under Rule 404(b) genuinely applies. *Montgomery v. State*, supra, at 387.

With these qualifications, I join the judgment and opinion of the majority.