TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00149-CR







Roy Edward Sanders, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 44,778, HONORABLE JOE CARROLL, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of capital murder in the course of kidnapping. Tex.
Penal Code Ann. § 19.03(a)(2) (West 1994). (1) The State having waived the death penalty, the
district court assessed punishment at imprisonment for life.

 The deceased, Belinda Randolph, spent the evening of August 22, 1994, with
friends at a Temple nightclub. Appellant, Randolph's former boyfriend, arrived at the club,
approached the table where Randolph was sitting, and angrily demanded that she leave the club
with him. Randolph refused to leave with appellant, but later agreed to go outside with him to
talk. Two of Randolph's companions, Raymond Riley and Warren Isaac, heard Randolph call for
help and went outside to investigate. They saw appellant pulling Randolph by the arm toward his
car. When Isaac came to Randolph's aid, appellant fired two shots, one of which struck Isaac in
the abdomen. Riley and Isaac retreated into the club. 

 Robert Buckley, the club manager, heard the shots and saw that Isaac was
wounded. He went to the door and looked outside. He saw appellant holding Randolph by the
waist and pointing a revolver at her head. As Buckley hurried to a telephone to call the police,
he heard another gunshot. When the various witnesses went back outside, they found Randolph
lying near the door of the club with what proved to be a fatal bullet wound to the head. Appellant
was gone.



Hearsay.

 Ballistics report. Karen Ross, a medical examiner at the Southwestern Institute
of Forensic Sciences, performed the autopsy on Randolph's body. Ross testified that she removed
a bullet from the body and delivered it to Raymond Cooper, a firearms examiner also employed
at the institute. Cooper did not testify, but his report concluding that the bullet was a .38 caliber
was admitted in evidence as a business record. Tex. R. Crim. Evid. 803(6). Appellant urges that
this was error because Cooper was acting as "other law enforcement personnel" when he
conducted the ballistics examination. See Cole v. State, 839 S.W.2d 798 (Tex. Crim. App. 1990)
(discussing Tex. R. Crim. Evid. 803(8)(B) and its relationship to rule 803(6)).

 As a general rule, a medical examiner's office is not a litigious and prosecution-oriented environment, and a medical examiner is not "other law enforcement personnel" within
the meaning of rule 803(8)(B). Garcia v. State, 868 S.W.2d 337, 342 (Tex. Crim. App. 1993). 
While not a medical examiner himself, Cooper was employed in the medical examiner's office and
examined the bullet at the request of the medical examiner who conducted the autopsy. Under the
circumstances, we find that the district court did not err in admitting Cooper's report. 
Furthermore, the size of the bullet was not a significant issue at trial and Ross testified without
objection that the bullet was of medium caliber, either a .32, .38, .357, or 9 millimeter. Thus,
if the admission of the report was error, it was harmless beyond a reasonable doubt. Tex. R.
App. P. 81(b)(2). Point of error one is overruled.

 Bonnie Goodwin. Goodwin is Belinda Randolph's mother. She testified that
Randolph received a telephone call from appellant before she left home on the night of the
shooting. Appellant objected, "I'm going to object to her testifying to who the phone call was
from unless she knows of her own personal knowledge. If she received this information from
someone else it would be hearsay." The court overruled the objection. Through subsequent
questioning, it was shown that Randolph told Goodwin the call was from appellant. Appellant did
not renew his hearsay objection.

 Assuming appellant preserved this matter for review, no error is presented. An
out-of-court statement describing an event made during or immediately after the event is
admissible as a present sense impression. Tex. R. Crim. Evid. 803(1). Randolph's statement to
Goodwin identifying the caller as appellant falls within the scope of this exception to the hearsay
rule. Point of error two is overruled.

 Raymond Riley. Riley testified that he heard from others that appellant had
threatened to kill Randolph. Appellant's hearsay objection was sustained and the court instructed
the jury to disregard the testimony. Appellant contends, however, that the court erred by
overruling his motion for mistrial. We disagree. Riley's statement was not so inflammatory as
to be incurable by an instruction to disregard. Moreover, another witness testified that she heard
appellant threaten to kill Randolph and several witnesses testified to appellant's violent behavior
toward Randolph on the night in question. Point of error three is overruled.

 Tonia Wooley. Wooley was sitting at the table with appellant and others when
appellant entered the nightclub. Wooley testified that appellant repeatedly demanded that
Randolph leave the club with him and threatened to "shoot [her] ass" and "blow [her] . . . brains
out" if she refused to do so. Wooley said she asked Randolph if appellant was "playing" and
Randolph said, "No." Appellant contends Randolph's statement to Wooley was hearsay, but we
believe that it was admissible as Randolph's present sense impression of appellant's conduct. Rule
803(1). Further, any error in the admission of the statement was harmless in light of Wooley's
subsequent testimony that appellant told Randolph, "[H]e wasn't playing with her. You know,
that he was serious. He said, `I'm not playing with you, Belinda.'" Point of error four is
overruled.

 Appellant's final hearsay point also concerns testimony by Wooley, who said that
after Randolph went outside with appellant and shots were fired, "[T]he next thing I know
somebody is hollering. I don't know who, somebody is hollering `She's in the parking lot.'" It
is unclear from the record whether this testimony was offered to prove the truth of the matter
stated or merely to prove what was said. If the latter, the statement was not hearsay. Dinkins v.
State, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995); Tex. R. Crim. Evid. 801(d). If the former,
it was admissible as an excited utterance. Tex. R. Crim. Evid. 803(2). In either case, no error
is presented. Point of error five is overruled.

Extraneous offense.

 Appellant contends the district court erred by overruling his extraneous offense
objection to Wooley's testimony describing appellant's threat to "shoot [Randolph's] ass" if she
did not go with him. Evidence of other crimes or misconduct by the accused is not admissible
merely to prove character, but may be admissible for other purposes. Tex. R. Crim. Evid.
404(b). In prosecutions for murder, evidence of threats by the defendant against the deceased are
admissible to show the defendant's state of mind at the time of the offense. Gilbert v. State, 840
S.W.2d 138, 145 (Tex. App.--Fort Worth 1992, no pet.); Tex. Code Crim. Proc. Ann. art. 38.36
(West Supp. 1995). Wooley's testimony describing appellant's words and conduct minutes before
the shooting was "same transaction contextual evidence." See Rogers v. State, 853 S.W.2d 29,
33 (Tex. Crim. App. 1993). Point of error six is overruled.


Jury argument.

 Appellant's last three points of error are directed to the prosecutor's closing jury
argument. First, appellant contends the prosecutor misquoted defense counsel's argument. The
issue was the pool cue Warren Isaac was holding when he and Raymond Riley went outside after
hearing the deceased call for help. Isaac testified that he did not take the cue with him as a
weapon, a point the prosecutor sought to emphasize in his argument. The prosecutor said, "[I]f
he had had it up here in his hand like this, like [counsel] wants to try to suggest to you --." At
this point, counsel objected that the prosecutor was misquoting him. The court overruled the
objection.

 During his argument, defense counsel stated:

Ladies and gentlemen, I don't believe this offense would have occurred if Mr.
Isaac hadn't gone outside. He approached Mr. Sanders. He admitted that Mr.
Sanders appeared to be frightened of him partly because he was quite a bit larger
than him, partly because they had had words previously and whether he wanted to
admit it or not because he had a pool cue in his hand. Now you might accept their
idea that that pool cue is not a threatening gesture. But why was he outside with
it? . . . There was no reason for him to carry that pool cue outside unless he was
doing it as a threatening gesture . . . .



We find the prosecutor's remark to be a fair response to defense counsel's argument. Point of
error seven is overruled.

 Next, appellant complains that the prosecutor argued facts not in evidence when
he said that Isaac was shot "side to side." Appellant points out that Isaac testified that he was shot
in the side, but there is no evidence whether the bullet passed through his body from front to back
or from side to side. Appellant's objection was overruled but the court instructed the jurors to
"remember the evidence as they heard the evidence."

 Whether Isaac was facing appellant or turning away when appellant shot him was
essentially irrelevant to the question of appellant's guilt. We are satisfied beyond a reasonable
doubt that the prosecutor's statement, if error, did not contribute to the jury's verdict. Tex. R.
App. P. 81(b)(2). Point of error eight is overruled.

 Finally, appellant urges that the prosecutor again went outside the record when he
argued, "Belinda Randolph saw the gun and I believe that when . . . Raymond Riley and Warren
Isaac ran into the door, Belinda tried to do the very same thing, to get back into the club to get
to where the help was and Roy Sanders cut her off and he grabbed her." Appellant objected this
was "pure speculation." The objection was overruled but the court reminded the jury once more
that the attorneys' arguments were not evidence.

 The evidence reflects that appellant was attempting to force Randolph into his car
when Riley and Isaac came to her rescue. Appellant released Randolph when he shot Isaac. 
Appellant was later seen holding Randolph around the waist and her body was found only four
feet from the front door of the club. The prosecutor's argument was a reasonable inference from
this evidence. Point of error nine is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: November 8, 1995

Do Not Publish

1.   The amendments to section 19.03 effective September 1, 1994, are irrelevant to this
cause.


 but may be admissible for other purposes. Tex. R. Crim. Evid.
404(b). In prosecutions for murder, evidence of threats by the defendant against the deceased are
admissible to show the defendant's state of mind at the time of the offense. Gilbert v. State, 840
S.W.2d 138, 145 (Tex. App.--Fort Worth 1992, no pet.); Tex. Code Crim. Proc. Ann. art. 38.36
(West Supp. 1995). Wooley's testimony describing appellant's words and conduct minutes before
the shooting was "same transaction contextual evidence." See Rogers v. State, 853 S.W.2d 29,
33 (Tex. Crim. App. 1993). Point of error six is overruled.


Jury argument.

 Appellant's last three points of error are directed to the prosecutor's closing jury