Clinton Edward Ward v State















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-378-CR

     CLINTON EDWARD WARD,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 213th District Court
Tarrant County, Texas
Trial Court # 0634649A
                                                                                                                

O P I N I O N
                                                                                                                

      Appellant Ward appeals from his 13-year sentence to the Texas Department of Criminal
Justice–Institutional Division. The sentence was assessed by a jury after Appellant pled guilty to
aggravated robbery of an elderly person.
      At 4:00 a.m. on September 13, 1996, Helen Bierman, a 67-year-old widow, awoke to find
the then 15-year-old Appellant and Billy Maynard in her bedroom grabbing her hands and pinning
her to her bed. Appellant and Maynard put a pillow over her head and took turns hitting her while
demanding that she given them her money. Appellant and Maynard found her purse, looked
through the purse, then returned to her bed and hit her again. After her assailants were gone,
Bierman called her son. The police arrived and Bierman identified her assailants. Bierman, who
was taken to the hospital, suffered bruises, bloody marks on her arms, and knots all over the left
side of her head. She still has headaches, jumps at every sound, and has trouble sleeping.
      Officers arrested Appellant and Maynard and transported them to the Juvenile Detention
Center. On September 16, 1996, Appellant gave a voluntary written-confession admitting that he
participated in the robbery and that he hit Bierman about seven times.
      Appellant was certified to stand trial as an adult. Appellant pled guilty before the jury;
pursuant to the trial court's instruction, the jury found appellant guilty of aggravated robbery of
a person over 65 years-of-age. The jury then, in the punishment phase, assessed Appellant's
punishment at 13 years in prison plus a fine of $1,320.
      Appellant appeals on one point of error: "The trial court committed reversible error by
refusing to grant Appellant's motion for mistrial when the State elicited a statement from its
rebuttal witness, Diana Tillery, which constituted inadmissible prejudicial hearsay."
      Appellant testified he and Maynard spoke to Tillery about purchasing a car from her that she
had for sale for $350. He testified he had his part of the money but Maynard needed money.
      The State called Tillery as a rebuttal witness. She testified that Appellant and Maynard came
to see her about purchasing the car she had for sale; that they told her they did not have the
money, but were fixing to come into some money.
      Defense counsel objected; the trial judge sustained the objection and instructed the jury to
disregard the answer. Defense counsel them made a motion for a mistrial which the trial judge
denied.
      Appellant contends the State elicited inadmissible hearsay from Tillery which implied that he
and Maynard were planning the robbery to obtain money to buy the car.
      Thereafter, Tillery testified, without objection, that Appellant stated to her, "Don't sell the
car, we will be back tomorrow with the money" and "that he didn't have the money then, but that
he would get the money."
      A defendant may not complain about evidence on appeal when the same evidence is admitted
elsewhere without objection. Rogers v. State, 853 S.W.2d 29, 35 (Tex. Crim. App. 1993).
      Moreover, Tillery's testimony was not hearsay. "Hearsay" is an out-of-court statement
offered for the truth of the matter asserted. Tex. R. Crim. Evid. 801(e)(2)(A). Here, testimony
about Appellant's own statement did not constitute hearsay.
      Further, the trial judge instructed the jury to disregard. Generally, harm from improper
testimony is cured by an instruction to disregard, except in extreme cases where the evidence is
clearly calculated to inflame the minds of the jury. Coe v. State, 683 S.W.2d 431, 436 (Tex.
Crim. App. 1984).
      Here also, Appellant pled guilty to the aggravated robbery of Bierman and his confession
detailed his role, including that he had placed the pillow over the elderly widow's face and hit her
in the head about seven times.
      Finally, in light of the entire record, the issue of whether Appellant had enough money to
purchase Tillery's car and whether he told her that he and Maynard were coming into some money
was a relatively minor point in the jury's assessment of punishment. Given everything before the
jury, the testimony likely made no contribution to the jury's imposition of the 13-year sentence
in the this case. Tex. R. App. P. 44.2(b).
      For all of the above reasons, Appellant's point of error is overruled.
      The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Cummings, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed May 6, 1998
Do not publish



on
of guilt is supported by the combined impact of all the incriminating evidence. Stokes, 853 S.W.2d
at 239. 
      In this case Trooper Brown and Trooper Ashby pulled over two speeding cars traveling
together toward Dallas. Brown approached Appellant’s vehicle and Ashby approached the
Chrysler. Appellant seemed “out of it” and didn’t seem to have all his faculties. Appellant and
his passenger gave conflicting stories. Appellant stated he had no contraband in his car but two
bags of cocaine were found on top of the spare tire and $1,200 was found in the console. More
cocaine was found in the Chrysler in which Appellant’s father was a passenger. Appellant did not
pull over his car when first directed to do so by the trooper. Appellant did not seem surprised
when he was arrested.
      Additionally, Appellant testified that he knew a controlled substance was in the trunk of the
car. It is reasonable for the jury to conclude that if Appellant is driving a car he knows had a
controlled substance in it, he is in possession of the controlled substance.
      A rational trier of fact could have concluded that Appellant possessed a controlled substance
with intent to deliver, and the jury’s finding is not against the great weight and preponderance of
the evidence as to be clearly wrong or unjust.
      Points 2 and 3 are overruled.
      Points 4, 5, 6 and 7 complain of the trial court’s statement, “Restitution $3,129.50.” The
judgment states, “Punishment and place of confinement: Sixteen years in TDCJ-ID plus $3,000 fine
and costs $129.50. Thereafter, the judgment states, “Restitution $3,129.50.” 
      It is clear from a reading of the judgment that the statement, “Restitution $3,129.50," is simply
a total of the fine of $3,000 and court costs of $129.50 that were assessed as punishment.
      The judgment is reformed to delete the words, “Restitution $3,129.50" 
      As reformed, the judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)
 
Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Reformed and affirmed
Opinion delivered and filed August 6, 1997
Do not publish