*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



## OPINION

No. 04-11-00179-CR

Thesus **WILLIAMS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2008CR5905
Honorable Raymond Angelini, Judge Presiding

Opinion by:   Sandee Bryan Marion, Justice

Sitting:   Sandee Bryan Marion, Justice
            Phylis J. Speedlin, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  December 7, 2011

AFFIRMED

A jury found appellant, Thesus Williams, guilty of aggravated sexual assault of a child and the court assessed punishment at fifty-five years' confinement.  In a single issue on appeal, appellant asserts the trial court erred by admitting the complainant's testimony that he showed her a computer clip of two naked people immediately before he sexually assaulted her.  The complainant, E.P., is appellant's daughter, and she was twelve years old at the time of trial when

she testified about the sexual assault that occurred several years earlier. We conclude the court did not err and affirm the trial court's judgment.

## DISCUSSION

Appellant argues the admission of the evidence violates both Texas Rule of Evidence 404(b) and Texas Code of Criminal Procedure article 38.37. Rule 404(b) precludes "evidence of other crimes, wrongs or acts to prove the character of a person in order to show action in conformity therewith." TEX. R. EVID. 404(b). Such evidence is admissible, however, "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." *Id.* Article 38.37 provides that, notwithstanding Rule 404, "evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including: (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between the defendant and the child." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2 (West 2005). We review a trial court's ruling on the admission or exclusion of evidence for an abuse of discretion. *Russeau v. State*, 291 S.W.3d 426, 438 (Tex. Crim. App. 2009); *Hernandez v. State*, 327 S.W.3d 200, 205 (Tex. App.—San Antonio 2010, pet. ref'd).

On appeal, appellant argues the evidence was not necessary to the jury's understanding of the offense because neither E.P. nor her mother mentioned the clip to anyone before trial, neither the outcry witness nor the examining nurse mentioned the clip, and the SANE report did not mention it. Therefore, appellant concludes, the jury's understanding of the offense would not have been diminished in the absence of the testimony. Appellant also argues the testimony was not admissible under article 38.37 because it was not relevant to either his or E.P.'s state of mind. Appellant contends his state of mind was apparent from the details of the alleged offense

and from what he allegedly said to E.P.; and E.P.'s own testimony described her state of mind without reference to the clip. Finally, appellant asserts the testimony was not relevant to the previous or past relationship between himself and E.P. because E.P. saw the clip immediately prior to the assault and the clip played no part in E.P.'s outcry or subsequent treatment.

E.P. testified she was in the living room watching television when appellant called her into his bedroom. Over appellant's objection, she testified as follows:

Q.    [E.P.], you were telling us about what you saw when you walked into your dad's bedroom when he called you?
A.    Yes.
Q.    And can you tell us what you remember seeing him doing? What was he doing in that bedroom?
. . .
Q.    He was on the computer?
A.    Yes, when I first came in.
Q.    Okay. And did you go up to the computer?
A.    Yes.
Q.    And what is it that he was looking at on the computer?
A.    It was CD covers, I think, at first.
Q.    At first. And then did it change on the computer?
A.    Yes.
Q.    What was it that you saw?
A.    Then it was like a little clip of two people.
Q.    Okay. Can you describe what the two people were doing? Just tell me what you saw.
A.    Two people naked.
. . .
Q.    What do you remember them doing on the computer?
A.    Like they were touching each other and they were moving.
. . .
Q.    [What did your father tell you?]
A.    He asked me did I know what it was.
Q.    And what did you say?
A.    No.

E.P. said her father then told her "to get on the bed, and he cut the lights off. And I think he went to the restroom and then he came back, and told me to take my clothes off." E.P. complied and appellant told her to lie on top of him and "he put his private part inside of" of her.

Although Rule 404(b) precludes the admission of evidence of other crimes, wrongs, or acts to prove the character of a person to show action in conformity therewith, the "other crime, wrong, or act" may have relevance apart from character conformity if it tends to establish some elemental fact, such as intent or if it tends to establish some evidentiary fact, such as motive, opportunity or preparation, leading inferentially to an elemental fact. *Wyatt v. State*, 23 S.W.3d 18, 25 (Tex. Crim. App. 2000); *see also Rogers v. State*, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993) (Rule 404(b) permits evidence of other offenses connected with primary offense; referred to as "same transaction contextual evidence"). In fact, "events do not occur in a vacuum, and the jury has a right to hear what occurred immediately prior to and subsequent to the commission of [the offense] so that it may realistically evaluate the evidence." *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000) (same transaction contextual evidence admissible to show context in which criminal act occurred). However, same transaction contextual evidence is admissible only to the extent that it is necessary to the jury's understanding of the offense. *See Rogers*, 853 S.W.2d at 33.

We conclude E.P.'s testimony regarding the computer clip shown to her by appellant immediately prior to the sexual assault, coupled with him asking E.P. if she knew what it was she was looking at in the clip, "shows [appellant's] attempts to prepare the child to engage in sexual activity and thus would also show his intent to commit the crime[] charged against him." *Broderick v. State*, 35 S.W.3d 67, 79 (Tex. App.—Texarkana 2000, pet. ref'd) (child testified defendant showed her pictures of young girls engaged in sexual acts with male adults and told her she would have to do these things with him). Therefore, we conclude the trial court did not abuse its discretion by allowing E.P.'s testimony about the computer clip into evidence.

## CONCLUSION

We overrule appellant's complaint on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Publish