**Opinion filed June 5, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00174-CR
_____

## MORRIS LANDON JOHNSON, II, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CR13895**

### M E M O R A N D U M   O P I N I O N

The jury convicted Morris Landon Johnson, II of forgery by passing a check without authorization. *See* TEX. PENAL CODE ANN. § 32.21 (West 2011). Appellant pleaded true to two enhancement paragraphs, and the jury assessed punishment at confinement for a term of ten years and a fine of $2,000. The trial court sentenced him accordingly. We affirm.

In his sole issue on appeal, Appellant argues that the trial court denied him a fair trial when it admitted evidence of extraneous offenses in violation of Rule 404(b)

of the Texas Rules of Evidence. The State contends that the evidence was admissible either as same transaction contextual evidence or that the evidence was admissible to show motive, intent, plan, knowledge, or absence of mistake or accident.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). We will reverse a trial court's ruling only if it is outside the "zone of reasonable disagreement." *Id.* Rule 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. TEX. R. EVID. 404(b). The rule further provides that evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* Extraneous offense evidence may be admissible for purposes other than those expressly listed, such as when the evidence is found to be same transaction contextual evidence. *Rogers v. State*, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993); *Montgomery*, 810 S.W.2d at 388.

The trial court admitted three exhibits—State's Exhibit Nos. Four through Six—and corresponding testimony, regarding extraneous offenses. Defense counsel objected to the admission of some, but not all, of the extraneous conduct offered by the State.

The record shows that Appellant cashed a check written on Timothy Guthrie's account at Texas Bank in Stephenville; Appellant's act of cashing that check formed the basis for the charges in this case. Guthrie testified that he did not write the check, nor did he give anyone else permission to write the check to Appellant. When Officer Marty Golightly, of the Stephenville Police Department, arrested Appellant, he searched Appellant's billfold and found several checks, two of which were admitted into evidence as State's Exhibit Nos. Four and Five. State's Exhibit No. Four was another check written on Guthrie's account and made payable to

Appellant. State's Exhibit No. Five was a check written on Joseluis Gomez's account and was also made payable to Appellant. Officer Golightly also found an account card, a workforce card, and an identification card that did not belong to Appellant. Defense counsel did not object to Officer Golightly's testimony regarding what he found when he searched Appellant.

As to State's Exhibit No. Four, defense counsel initially objected that the check was not properly identified, and the trial court did not admit the exhibit at that time. However, the State later reoffered the exhibit, and defense counsel indicated that he had no objection. Defense counsel also did not object to the admission of State's Exhibit Nos. Five and Six. State's Exhibit No. Six was the recorded interview of Appellant in which Detective Roger Dixon questioned Appellant about a conspiracy to commit forgery.

The State asked Detective Dixon about his knowledge of the various ways and schemes that people employ to conduct forgeries. Defense counsel objected to the detective's "opinion about some schemes or -- in another case," and the trial court overruled the objection. However, Detective Dixon testified in general terms, based on his experience in investigating financial crimes, about various ways and schemes that people use to conduct forgeries. At that point, Detective Dixon was not discussing other specific offenses. The State then asked the detective what Appellant's own description of his activities indicated. Defense counsel objected on the ground that the question called for an opinion on the ultimate issue, and the trial court sustained the objection. Subsequently, the State asked Detective Dixon, in two questions, whether Appellant admitted during the interview that he helped pass a number of forged checks and that he signed a "scribble" on a signature line. Defense counsel raised an extraneous offense objection to each question, and the trial court sustained both objections.

During closing arguments, defense counsel mentioned the check written on Gomez's account, and he did not object when the prosecutor discussed the extraneous offenses. In addition, during deliberations, the jury requested that several exhibits, including State's Exhibit Nos. Four, Five, and Six, be sent to them, and defense counsel and Appellant agreed with the trial court's proposal to send the exhibits to the jury. We also note that the trial court included an extraneous offense instruction in the jury charge at both stages of the trial.

The record shows that, even when defense counsel objected to testimony regarding extraneous offenses, he did not pursue the matter further to an adverse ruling. Defense counsel did not ask for further relief, such as a request for a jury instruction or a motion for mistrial, after the trial court sustained his objections. Therefore, Appellant has not shown that he received an adverse ruling in connection with the extraneous offense evidence. Because Appellant has not shown that he received an adverse ruling in those instances when he did object to the extraneous offense evidence and because Appellant failed to object to the admission of the remainder of the evidence regarding the extraneous offenses, he has failed to preserve error for our review. *See* TEX. R. APP. P. 33.1. Appellant's sole issue on appeal is overruled.

We affirm the judgment of the trial court.

JIM R. WRIGHT

June 5, 2015                                                    CHIEF JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4