892-15

PD – 0892-15

No. 11-13-00174-CR

ORIGINAL

IN THE TEXAS COURT
OF CRIMINAL APPEALS

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 17 2015

Abel Acosta, Clerk

Morris Landon Johnson II
-Petitioner/Appellant-
v.
The State of Texas
-Respondent/Appellee-

# PETITION FOR DESCRETIONARY REVIEW

From the 266th District Court, Erath County, Texas
Trial Court Cause No. CR 13895

Appellate opinion handed down by the Eleventh District Court of Appeals in
Eastland, Texas on June 5, 2015

*Motion for Rehearing not filed*
*Oral Argument not requested*

MORRIS LANDON JOHNSON II #1877943
APPPELLANT, PRO SE
COFFIELD UNIT
2661 F. M. 2054
TENNESSEE COLONY, TX. 75884

FILED IN
COURT OF CRIMINAL APPEALS

AUG 19 2015

Abel Acosta, Clerk

# IDENTITY OF THE PARTIES

Appellant/petitioner                    Morris Landon Johnson II

TDCJ# 01877943

C/o H. H. Coffield Unit

2661 FM 2054

Tennessee Colony, TX  75884


Appellee                               The State of Texas


Appellant Counsel                      Russell King

13211 S. US HWY 377

Dublin, Texas  76446


Trial Counsel                          Andrew Ottoway

P O Box 1697

Granbury, Texas  76048


States Trial and Appellate Counsel     Alan Nash DA

Sterling Harmon ADA

P O Box 30

Stephenville, Texas  76401

2

# TABLE OF CONTENTS

Cover Sheet...................................................................................................1

Identity of Parties.........................................................................................2

Table of Contents.........................................................................................3

Index of Authorities......................................................................................4

Statement of the Case....................................................................................5

Statement of Procedural History......................................................................6

Grounds for Review......................................................................................7

Reason for Review........................................................................................7

Question for Review......................................................................................7

Summary of Argument................................................................................8,9

Argument and Authorities...............................................................................9

Prayer........................................................................................................12

Certificate of Service....................................................................................12

Appendix....................................................................................................13

(Judgement and opinion from Eleventh Court of Appeals)

# Index of Authorities

**Johnson v. State**, 967 S.W. 2D 410,417 (Tex. Crim.APP.1998) PG# 10

**Neal v. State**, 256 S.W. 3D 264 (Tex. Crim.APP.2008) PG# 11

**Ortiz v. State**, 93 S.W. 3D 79 (Tex. Crim.APP.2002) PG# 11

**Stafford v. State**, 813 S.W. 2D 503,506 (Tex. Crim.APP.1991) PG# 9,10

**US v. Garber**, 47 F. 2D 212 (5th Cir 1972) PG# 10

# Rules

Texas Rules of Evidence Rule 404(b) PG# 7,8,9

Texas Rules of Appellate Proc. 66.3(a)(d) PG# 7

Texas Rules of Evidence Rule 103(d) PG# 11

Federal Rules of Evidence Rule 103(e) PG# 11

# References

Plain Error – Blacks Law Dictionary PG# 10

## Statement of the Case

On October 2, 2012 petitioner cashed a check in the amount of $523.56 from the account of Timothy Guthrie at Texas Bank. Several Days later, Tim Guthrie contacted the bank alleging that he had not signed the check the petitioner cashed. Mr. Guthrie contacted the Stephenville Police and provided a written statement denying he had given the check to the appellant. Based on Tim Guthrie's statement Stephenville Police Department obtained a warrant for the arrest of petitioner. On November 8th, 2012 petitioner was arrested when he arrived at a traffic stop conducted by Stephenville Police. After searching petitioners wallet checks made payable to petitioner were found as well as debit cards, workforce card and a Texas State ID not belonging to petitioner. These items were seized. Once at the jail another search of petitioners wallet by Erath County Jail Staff resulted in the alleged seizure of a small plastic bag containing .06 grams of methamphetamine.

## Statement of Procedural History

The petitioner was indicted for the crime of Forgery by Passing by the Grand Jury in the 266th Judicial District on February 19, 2013. The case was called to trial by jury on May 15, 2013. The jury returned a guilty verdict that same day. On May 16, 2013 the jury returned a sentencing verdict of 10 years confinement and assessed a fine of $2000.00. On June 11, 2013 petitioner timely filed his notice of appeal. On June 5, 2015 an opinion was filed by the Eleventh District Court of Appeals in Eastland, Texas affirming the trial courts judgement. Motion for rehearing was not filed.

## Grounds for Review

### Issue No. 1

Petitioner was denied a fair trial because the trial court erred in allowing into evidence during the guilt – innocence phase of the trial evidence of extraneous offenses in violation of Rule 404(b) of the Texas Rules of Evidence. Trial courts error is plain error or "error of apparent record", there by subject for appellate review without being preserved to the record by timely motion, complaint and/or objection.

### Reason for Review

The Court of Appeals decision to not review trial courts error of admitting prejudicial extraneous offense evidence because it was not preserved to the record conflicts with the applicable provisions of the applicable statutes, as well, the decision of other court of appeals. Tex R. App. Proc. 66.3(a)(d)

### Question for Review

Should an obvious error(s) in the trial courts admission of evidence of extraneous offense that creates much prejudice and denied defendant a fair trial escape review by the court of appeals due to trial counsels failure to preserve the error(s) to the record?

## Summary of Argument

### Issue No. 1

Rule 404(b) of the Texas Rules of Evidence prohibits the admission into evidence, evidence of other crimes, wrongs or acts to prove the character of a person in order to show action in conformity there with. During the guilt – innocence portion of petitioner's trial the state continually placed before the jury, evidence related to other crimes or bad acts to show that petitioner's character was that of a criminal and that in the instant case the petitioner acted in conformity with that character. This evidence was in the form of other checks and debit cards unrelated to the charge in this case that were admitted into evidence. A video tape interview conducted by Stephenville Police Department Detective Roger Dixon that discussed criminal activity in which petitioner was allegedly involved, but which had no connection to the forgery for which petitioner was standing trial, was also among this evidence. Admission of this evidence was a obvious violation of Rule 404(b) of the Texas Rules of Evidence. It created extreme prejudice and resulted in the petitioner being denied a fair trial in violation of the 14th Amendment of the United Stated Constitution. As such, errors that are plain or obvious are subject to appellate review without having to be preserved to the record by timely objection, complaint or motion, which petitioner argues is applicable in this case. The errors are so numerous, egregious and denied the

8

petitioner the right to be tried fairly and impartially on the sole charge that he had been indicted.

## Argument and Authorities

### Issue No. 1

Petitioner was denied a fair trial because the trial court erred in allowing into evidence during the guilt – innocence phase of the trial evidence of extraneous offenses in violation of Rule 404(b) of the Texas Rules of Evidence. Trial courts error is "plain error", thereby subject to review without being preserved to the record.

The State introduced into evidence on multiple occasions during the guilt – innocence phase of the trial evidence of other crimes which the petitioner may or may not of been involved in, but that were not directly relevant to the guilt or innocence of the petitioner for the charge which he was being tried. States Exhibit 4 and 5 are allegedly forged checks seized from petitioner on November 8, 2012. States Exhibit 6 is a custodial interrogation of petitioner by Stephenville Police Department Detective Roger Dixon which includes not only information concerning the crime that he was charged, but ultimately information regarding an alleged criminal ring that was engaged in theft and forgery throughout the Stephenville area that was not relevant as to whether the petitioner was guilty of knowing that the check he passed in the charge which he was standing trial was in fact forged.

9

This court found that an accused must be tried only for the offense with which he or she is charged. The accused may not be tried for "a collateral crime or for being a criminal generally" **Stafford v State**, 813 S.W. 2D 503,506 (Tex. Crim.APP.1991). In this case the State repeatedly put before the jury instance after instance where it was alleged that petitioner was not standing trial for, nor had he been charged with.

The trial courts failure to not exclude this evidence of extraneous offenses had an egregious negative effect on the substantial rights of petitioner. **Johnson v. State**, 967 S.W. 2D 410,417 (Tex. Crim.APP.1998) petitioner had the right to be tried for the alleged crime of which he had been indicted of passing a single forged check. This right was violated by the admission of the video alone, but even more so by the admission of the other checks and testimony specifically concerning extraneous offense without such a guilty verdict would not have been possible.

This error by the trial court in allowing the admission of evidence of extraneous offense is so obvious that it should be considered a "plain error" and of been reviewed by the appellate court despite trial counsels failure to raise a proper objection. **US v. Garber**, 47 F. 2D 212 (5th Cir 1972)

Plain error is defined as: An error that is so obvious and prejudicial that an appellate court should address it despite the parties failure to raise a proper objection at trail – A Plain Error is often said to be so obvious and substantial that failure to correct it would infringe a party's due process rights and damage the

integrity of the judicial process. (Also termed fundamental error; error apparent of record) **Blacks Law Dictionary.**

In this case the petitioners due process right to be tried on the charge in the indictment and not on an extraneous offense was violated by the courts failure to exclude the extraneous offense evidence **Texas Rules of Evidence Rule 103(d),** then again by the appeals court failure to review the numerous errors of admission of extraneous offense evidence that was so abundantly present in this trial, because his trial counsel failed to preserve the errors, regardless of the effects had. **Federal Rules of Evidence Rule 103(e)**

Petitioner asks that this court review this case in light of the "Plain Error" rule. "Harm is egregious if it deprives a defendant of a fair and impartial trial." **Neal v. State,** 256 S.W. 3D 264 (Tex. Crim.APP.2008)

"Egregious harm for which alleged error is reviewed when there is no objection in the trial court, exists when the defendant has been denied a fair and impartial trial." U.S.C.A Const. Amend 6, **Ortiz v. State,** 93 S.W. 3D 79 (Tex. Crim.APP.2002)

The petitioner in this case was tried almost exclusively by extraneous offense evidence, and it would be a falsity to claim that his trial was fair and impartial. The prejudicial effect of the admission of the extraneous offense evidence was so extensive that a conviction would not have been obtained without it.

11

## Prayer for Relief

Therefore the petitioner prays that this court will grant review in this case and reverse the decision ordered by the Eleventh Court of Appeals Division, and any and all other relief which he may be entitled

Respectfully,

Morris Landon Johnson II
TDC# 01877943
Coffield Unit
2661 F. M. 2054
Tennessee Colony, Texas 75884

## Certificate of Service

I hereby certify that a true and correct copy of the above and forgoing document has been forwarded by United States first class mail to the following:

Mr. Alan Nash
Erath County District Attorney
P. O. Box 30
Stephenville, Texas 76401

State Prosecuting Attorney
P. O. Box 12405
Austin, Texas 78711

12



11TH COURT OF APPEALS
EASTLAND, TEXAS
JUDGMENT

Morris Landon Johnson, II,

* From the 266th District
Court of Erath County,
Trial Court No. CR13895.

Vs. No. 11-13-00174-CR

* June 5, 2015

The State of Texas,

* Memorandum Opinion by Wright, C.J.
(Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.)

This court has inspected the record in this cause and concludes that there is no error in the judgment below. Therefore, in accordance with this court's opinion, the judgment of the trial court is in all things affirmed.



In The

# Eleventh Court of Appeals

## No. 11-13-00174-CR

### MORRIS LANDON JOHNSON, II, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CR13895**

### MEMORANDUM OPINION

The jury convicted Morris Landon Johnson, II of forgery by passing a check without authorization. *See* TEX. PENAL CODE ANN. § 32.21 (West 2011). Appellant pleaded true to two enhancement paragraphs, and the jury assessed punishment at confinement for a term of ten years and a fine of $2,000. The trial court sentenced him accordingly. We affirm.

In his sole issue on appeal, Appellant argues that the trial court denied him a fair trial when it admitted evidence of extraneous offenses in violation of Rule 404(b)

of the Texas Rules of Evidence. The State contends that the evidence was admissible either as same transaction contextual evidence or that the evidence was admissible to show motive, intent, plan, knowledge, or absence of mistake or accident.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). We will reverse a trial court's ruling only if it is outside the "zone of reasonable disagreement." *Id.* Rule 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. TEX. R. EVID. 404(b). The rule further provides that evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* Extraneous offense evidence may be admissible for purposes other than those expressly listed, such as when the evidence is found to be same transaction contextual evidence. *Rogers v. State*, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993); *Montgomery*, 810 S.W.2d at 388.

The trial court admitted three exhibits—State's Exhibit Nos. Four through Six—and corresponding testimony, regarding extraneous offenses. Defense counsel objected to the admission of some, but not all, of the extraneous conduct offered by the State.

The record shows that Appellant cashed a check written on Timothy Guthrie's account at Texas Bank in Stephenville; Appellant's act of cashing that check formed the basis for the charges in this case. Guthrie testified that he did not write the check, nor did he give anyone else permission to write the check to Appellant. When Officer Marty Golightly, of the Stephenville Police Department, arrested Appellant, he searched Appellant's billfold and found several checks, two of which were admitted into evidence as State's Exhibit Nos. Four and Five. State's Exhibit No. Four was another check written on Guthrie's account and made payable to

2

Appellant. State's Exhibit No. Five was a check written on Joseluis Gomez's account and was also made payable to Appellant. Officer Golightly also found an account card, a workforce card, and an identification card that did not belong to Appellant. Defense counsel did not object to Officer Golightly's testimony regarding what he found when he searched Appellant.

As to State's Exhibit No. Four, defense counsel initially objected that the check was not properly identified, and the trial court did not admit the exhibit at that time. However, the State later reoffered the exhibit, and defense counsel indicated that he had no objection. Defense counsel also did not object to the admission of State's Exhibit Nos. Five and Six. State's Exhibit No. Six was the recorded interview of Appellant in which Detective Roger Dixon questioned Appellant about a conspiracy to commit forgery.

The State asked Detective Dixon about his knowledge of the various ways and schemes that people employ to conduct forgeries. Defense counsel objected to the detective's "opinion about some schemes or -- in another case," and the trial court overruled the objection. However, Detective Dixon testified in general terms, based on his experience in investigating financial crimes, about various ways and schemes that people use to conduct forgeries. At that point, Detective Dixon was not discussing other specific offenses. The State then asked the detective what Appellant's own description of his activities indicated. Defense counsel objected on the ground that the question called for an opinion on the ultimate issue, and the trial court sustained the objection. Subsequently, the State asked Detective Dixon, in two questions, whether Appellant admitted during the interview that he helped pass a number of forged checks and that he signed a "scribble" on a signature line. Defense counsel raised an extraneous offense objection to each question, and the trial court sustained both objections.

3

During closing arguments, defense counsel mentioned the check written on Gomez's account, and he did not object when the prosecutor discussed the extraneous offenses. In addition, during deliberations, the jury requested that several exhibits, including State's Exhibit Nos. Four, Five, and Six, be sent to them, and defense counsel and Appellant agreed with the trial court's proposal to send the exhibits to the jury. We also note that the trial court included an extraneous offense instruction in the jury charge at both stages of the trial.

The record shows that, even when defense counsel objected to testimony regarding extraneous offenses, he did not pursue the matter further to an adverse ruling. Defense counsel did not ask for further relief, such as a request for a jury instruction or a motion for mistrial, after the trial court sustained his objections. Therefore, Appellant has not shown that he received an adverse ruling in connection with the extraneous offense evidence. Because Appellant has not shown that he received an adverse ruling in those instances when he did object to the extraneous offense evidence and because Appellant failed to object to the admission of the remainder of the evidence regarding the extraneous offenses, he has failed to preserve error for our review. *See* TEX. R. APP. P. 33.1. Appellant's sole issue on appeal is overruled.

We affirm the judgment of the trial court.

JIM R. WRIGHT

June 5, 2015                                                CHIEF JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4