NO. 07-02-0124-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 19, 2002

_____

ABEL REYNA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-437868; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before REAVIS and JOHNSON, JJ., and BOYD, SJ.[1]

Appellant Abel Reyna brings this appeal from his conviction for the felony offense of aggravated sexual assault and the jury-assessed punishment, enhanced by two prior convictions, of life imprisonment in the Institutional Division of the Texas Department of

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 2002).

Criminal Justice. His appeal is predicated on two evidentiary rulings of the trial court which, he argues, require reversal of his conviction. Disagreeing, we affirm.

The facts giving rise to appellant's prosecution began on the evening of September 24, 2001, when appellant approached the complainant and a group of her friends at a restaurant and bar in Lubbock. Appellant and his nephew went with the group to one of the party's apartment. After about an hour, the complainant went with appellant and his nephew to get alcohol. The nephew drove the car to a house, where he got out of the car and appellant moved to the driver's seat. According to the complainant, appellant drove to a deserted road where he ordered her to the back seat of the car and raped her.

On the return to town, appellant asked the victim if she wanted to stop somewhere to eat and offered her cocaine, which she declined. When appellant stopped at the apartment complex where her car was, she unsuccessfully requested appellant's phone number and gave her phone number, assertedly in an attempt to later locate him for police.

The following day, Officers Chris Breunig and Tal English went to the apartment where appellant lived with his parents, Jose and Dominga Reyna, to serve an arrest warrant. They arrested appellant and placed him in a police car. They also saw a 1991 Pontiac matching the description of appellant's car given by the victim. This car belonged to appellant's parents. Jose gave verbal consent to Breunig to search the car. Breunig went to his car to get a written consent form for Jose to sign. While outside, appellant tapped or hit the police car's window to get his father's attention, then told Jose, in

Spanish, not to sign anything. Jose then withdrew his consent to search the car. The officers honored this request, but took several photographs of the outside of the car and the inside through its windows.

At trial, appellant objected to any evidence of his communication to Jose. The overruling of this objection forms the basis of appellant's first point of error. The State initially argues that appellant failed to preserve any error because his trial objection was that the evidence was not relevant, but his argument on appeal is that admission of the evidence violates his rights guaranteed by the fourth and fifth amendments to the United States Constitution. We agree there may be some difference between the objection as stated at trial and the emphasis of appellant's argument on appeal. However, in the interest of justice, we will consider his argument on appeal.

Appellant's argument in support of this point relies on the well-established proposition that the State may not use evidence obtained directly or indirectly as a result of violation of the fourth amendment. *See, e.g. United States v. Calandra*, 414 U.S. 338, 347, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). That rule is inapplicable where there was no violation of a constitutional right. Here, appellant has failed to identify any such violation.

It is undisputed that the officers did not have a search warrant for the car. Nor were the common exceptions to the warrant requirement applicable; appellant was not arrested in the car, and there were no exigent circumstances. *See, e.g., Reyes v. State*, 910 S.W.2d 585, 589 (Tex.App.--Amarillo 1995, pet. ref'd) (discussing exceptions to the

3

warrant requirement). Their right to search depended solely on the owner's consent. The officers' conduct in asking for that consent was not illegal, and when the consent was withdrawn, the officers abandoned their efforts to search the car, limiting themselves to a permissible exterior examination of it. It is also undisputed that appellant's statement was not the result of custodial interrogation. The record shows the police scrupulously honored the parties' constitutional rights and the statement at issue was not the result of illegal police conduct. We overrule appellant's first point.

In his second point, appellant assigns error to the trial court in admitting evidence that he had offered cocaine to the victim of the assault. He objected to the testimony on the basis that it was irrelevant and was an extraneous offense not disclosed by the prosecution. Citing Rules of Evidence 401 and 403, appellant argues the evidence was inadmissible because it was not probative of any element of the offense.

The State presents three arguments in response: first, the evidence of appellant's attempt to "forcefully drug the victim" after the assault was relevant to his intent because, as the State contends, it would make her less likely to report the assault and make her less credible if she did report the offense; second, it was "same transaction contextual evidence" of an event so integral to the offense that it was necessary for the jury to understand the context and circumstances of the offense, and third, even if inadmissible, any error was harmless. Because contextual evidence must also meet the relevancy requirement of Rule 401, we consider the State's first two arguments together.

4

We initially note the record does not support the State's characterization of the evidence as an attempt to "forcefully drug" the complainant. The relevant testimony was that when appellant was driving back into town with the victim he pulled a small bag with white powder from the center console of the car and "asked me if I wanted some of it, and I said no . . . he said it was cocaine, and he shoved it in my face." After she declined a second time, appellant threw the bag on the floor. The victim never characterized appellant's conduct in offering the cocaine as "forceful."

In *Rogers v. State*, 853 S.W.2d 29 (Tex.Crim.App. 1993), the court considered the admissibility of same transaction contextual evidence. Such evidence must meet both the relevancy requirement of Rule 401 and for a purpose permitted by Rule 404(b). In that case, the evidence at issue concerned appellant's possession of marijuana in a prosecution for possession of methamphetamine. *Id.* at 32. The State advanced the argument that the evidence was relevant because the marijuana possession "could arguably make it more probable" that he would possess methamphetamine. *Id.* While expressing reservations about the relevance of the evidence, the court held it was not so clearly irrelevant as to justify substitution of its judgment on the issue for that of the trial court. *Id.*

The lesson of *Rogers* is that when reviewing the relevance of contextual evidence, the proponent can satisfy his burden to show relevance by presenting a rational basis on which the evidence can make a fact at issue more likely than it would be without the

5

evidence. Like the court in *Rogers*, we are not convinced the relevance of the evidence at issue to the charged offense is immediately apparent. However, the State's rationale could be accepted by a reasonable trier of fact. Therefore, we cannot say the trial court abused its discretion in finding it relevant.

The evidence must also be offered for a purpose other than showing the person acted in conformity with a trait or character. Tex. R. Evid. 404(b). Same transaction contextual evidence is admissible as an exception to Rule 404(b) when it is necessary to the jury's understanding of the offense. *Rogers*, 853 S.W.2d at 33. Only if the facts of the instant offense would make little or no sense without also bringing in the same transaction contextual evidence should that evidence be admitted. *Id.*

In support of the second element set out in *Rogers,* the State contends: "the evidence of appellant's attempt to drug the victim imparts to the trier of fact information essential to understanding the context and circumstances of events which, although legally separate offenses, are blended or interwoven." It cites *Mays v. State*, 816 S.W.2d 79 (Tex.Crim.App. 1991) in support, but offers no discussion or argument explaining why the evidence was essential to an understanding of the events. It is important to note that in *Mays*, the Court of Criminal Appeals held the context evidence was erroneously admitted because it "also possessed a character component." *Id.* at 88. As noted above, the evidence at issue here was arguably relevant but, like that in *Mays*, it also contained a substantial component indicating appellant's character and its absence would not have

6

made the facts of the offense nonsensical. We hold the trial court erred in admitting the evidence that appellant offered cocaine to the victim.

We must next determine whether this error requires reversal of the trial court's judgment, or whether it was "harmless." Appellant concedes that an error of this type is a non-constitutional error governed by Rule 44.2(b) of the Rules of Appellate Procedure. That rule requires us to disregard any error that does not affect a substantial right. A substantial right is affected when, after an examination of the entire record, the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997).

It is well established that we must consider the record as a whole in determining whether an error is harmless. *Schutz v. State,* 63 S.W.3d 442, 444 (Tex.Crim.App. 2001). This means that the appellate court should consider everything in the record, including testimony and physical evidence, the nature of the evidence supporting the verdict, and the character of the error and its relationship to other evidence. *Id.* It was undisputed that appellant and the complainant had intercourse. In addition to her identification of appellant, the State presented an expert witness who opined that DNA taken from an article of the complainant's clothing matched appellant's DNA. This evidence was uncontroverted. Therefore, appellant's identity was not disputed. When the State sought to present the testimony from the victim of another attack to establish lack of consent, the court found the defense had not opened the door on that issue and excluded the

7

testimony. The gist of appellant's defense was to identify apparent inconsistencies in the versions of events as reported by the victim and police reports. In closing argument, the State briefly mentioned the offer of cocaine.

Our review of the entire record convinces us that the improperly admitted evidence did not have a substantial injurious effect on the jury's ability to reach a verdict based on the evidence establishing the elements of the offense. We overrule appellant's second and final point and affirm the judgment of the trial court.

John T. Boyd
Senior Justice

Do not publish.