NO. 07-02-0124-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 19, 2002



______________________________




ABEL REYNA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-437868; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before REAVIS and JOHNSON, JJ., and BOYD, SJ. (1)

 Appellant Abel Reyna brings this appeal from his conviction for the felony offense
of aggravated sexual assault and the jury-assessed punishment, enhanced by two prior
convictions, of life imprisonment in the Institutional Division of the Texas Department of
Criminal Justice. His appeal is predicated on two evidentiary rulings of the trial court
which, he argues, require reversal of his conviction. Disagreeing, we affirm.

 The facts giving rise to appellant's prosecution began on the evening of September
24, 2001, when appellant approached the complainant and a group of her friends at a
restaurant and bar in Lubbock. Appellant and his nephew went with the group to one of
the party's apartment. After about an hour, the complainant went with appellant and his
nephew to get alcohol. The nephew drove the car to a house, where he got out of the car
and appellant moved to the driver's seat. According to the complainant, appellant drove
to a deserted road where he ordered her to the back seat of the car and raped her. 

 On the return to town, appellant asked the victim if she wanted to stop somewhere
to eat and offered her cocaine, which she declined. When appellant stopped at the
apartment complex where her car was, she unsuccessfully requested appellant's phone
number and gave her phone number, assertedly in an attempt to later locate him for police.

 The following day, Officers Chris Breunig and Tal English went to the apartment
where appellant lived with his parents, Jose and Dominga Reyna, to serve an arrest
warrant. They arrested appellant and placed him in a police car. They also saw a 1991
Pontiac matching the description of appellant's car given by the victim. This car belonged
to appellant's parents. Jose gave verbal consent to Breunig to search the car. Breunig
went to his car to get a written consent form for Jose to sign. While outside, appellant
tapped or hit the police car's window to get his father's attention, then told Jose, in
Spanish, not to sign anything. Jose then withdrew his consent to search the car. The
officers honored this request, but took several photographs of the outside of the car and 
the inside through its windows.

 At trial, appellant objected to any evidence of his communication to Jose. The
overruling of this objection forms the basis of appellant's first point of error. The State
initially argues that appellant failed to preserve any error because his trial objection was
that the evidence was not relevant, but his argument on appeal is that admission of the
evidence violates his rights guaranteed by the fourth and fifth amendments to the United
States Constitution. We agree there may be some difference between the objection as
stated at trial and the emphasis of appellant's argument on appeal. However, in the
interest of justice, we will consider his argument on appeal.

 Appellant's argument in support of this point relies on the well-established
proposition that the State may not use evidence obtained directly or indirectly as a result
of violation of the fourth amendment. See, e.g. United States v. Calandra, 414 U.S. 338,
347, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). That rule is inapplicable where there was no
violation of a constitutional right. Here, appellant has failed to identify any such violation.

 It is undisputed that the officers did not have a search warrant for the car. Nor were
the common exceptions to the warrant requirement applicable; appellant was not arrested
in the car, and there were no exigent circumstances. See, e.g., Reyes v. State, 910
S.W.2d 585, 589 (Tex.App.--Amarillo 1995, pet. ref'd) (discussing exceptions to the
warrant requirement). Their right to search depended solely on the owner's consent. The
officers' conduct in asking for that consent was not illegal, and when the consent was
withdrawn, the officers abandoned their efforts to search the car, limiting themselves to a
permissible exterior examination of it. It is also undisputed that appellant's statement was
not the result of custodial interrogation. The record shows the police scrupulously honored
the parties' constitutional rights and the statement at issue was not the result of illegal
police conduct. We overrule appellant's first point.

 In his second point, appellant assigns error to the trial court in admitting evidence
that he had offered cocaine to the victim of the assault. He objected to the testimony on
the basis that it was irrelevant and was an extraneous offense not disclosed by the
prosecution. Citing Rules of Evidence 401 and 403, appellant argues the evidence was
inadmissible because it was not probative of any element of the offense. 

 The State presents three arguments in response: first, the evidence of appellant's
attempt to "forcefully drug the victim" after the assault was relevant to his intent because,
as the State contends, it would make her less likely to report the assault and make her less
credible if she did report the offense; second, it was "same transaction contextual
evidence" of an event so integral to the offense that it was necessary for the jury to
understand the context and circumstances of the offense, and third, even if inadmissible,
any error was harmless. Because contextual evidence must also meet the relevancy
requirement of Rule 401, we consider the State's first two arguments together.

 We initially note the record does not support the State's characterization of the
evidence as an attempt to "forcefully drug" the complainant. The relevant testimony was
that when appellant was driving back into town with the victim he pulled a small bag with
white powder from the center console of the car and "asked me if I wanted some of it, and
I said no . . . he said it was cocaine, and he shoved it in my face." After she declined a
second time, appellant threw the bag on the floor. The victim never characterized
appellant's conduct in offering the cocaine as "forceful."

 In Rogers v. State, 853 S.W.2d 29 (Tex.Crim.App. 1993), the court considered the
admissibility of same transaction contextual evidence. Such evidence must meet both the
relevancy requirement of Rule 401 and for a purpose permitted by Rule 404(b). In that
case, the evidence at issue concerned appellant's possession of marijuana in a
prosecution for possession of methamphetamine. Id. at 32. The State advanced the
argument that the evidence was relevant because the marijuana possession "could
arguably make it more probable" that he would possess methamphetamine. Id. While
expressing reservations about the relevance of the evidence, the court held it was not so
clearly irrelevant as to justify substitution of its judgment on the issue for that of the trial
court. Id. 

 The lesson of Rogers is that when reviewing the relevance of contextual evidence,
the proponent can satisfy his burden to show relevance by presenting a rational basis on
which the evidence can make a fact at issue more likely than it would be without the
evidence. Like the court in Rogers, we are not convinced the relevance of the evidence
at issue to the charged offense is immediately apparent. However, the State's rationale
could be accepted by a reasonable trier of fact. Therefore, we cannot say the trial court
abused its discretion in finding it relevant. 

 The evidence must also be offered for a purpose other than showing the person
acted in conformity with a trait or character. Tex. R. Evid. 404(b). Same transaction
contextual evidence is admissible as an exception to Rule 404(b) when it is necessary to
the jury's understanding of the offense. Rogers, 853 S.W.2d at 33. Only if the facts of the
instant offense would make little or no sense without also bringing in the same transaction
contextual evidence should that evidence be admitted. Id. 

 In support of the second element set out in Rogers, the State contends: "the
evidence of appellant's attempt to drug the victim imparts to the trier of fact information
essential to understanding the context and circumstances of events which, although legally
separate offenses, are blended or interwoven." It cites Mays v. State, 816 S.W.2d 79
(Tex.Crim.App. 1991) in support, but offers no discussion or argument explaining why the
evidence was essential to an understanding of the events. It is important to note that in
Mays, the Court of Criminal Appeals held the context evidence was erroneously admitted
because it "also possessed a character component." Id. at 88. As noted above, the
evidence at issue here was arguably relevant but, like that in Mays, it also contained a
substantial component indicating appellant's character and its absence would not have
made the facts of the offense nonsensical. We hold the trial court erred in admitting the
evidence that appellant offered cocaine to the victim.

 We must next determine whether this error requires reversal of the trial court's
judgment, or whether it was "harmless." Appellant concedes that an error of this type is
a non-constitutional error governed by Rule 44.2(b) of the Rules of Appellate Procedure. 
That rule requires us to disregard any error that does not affect a substantial right. A
substantial right is affected when, after an examination of the entire record, the error had
a substantial and injurious effect or influence in determining the jury's verdict. King v.
State, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997). 

 It is well established that we must consider the record as a whole in determining
whether an error is harmless. Schutz v. State, 63 S.W.3d 442, 444 (Tex.Crim.App. 2001). 
This means that the appellate court should consider everything in the record, including
testimony and physical evidence, the nature of the evidence supporting the verdict, and
the character of the error and its relationship to other evidence. Id. It was undisputed that
appellant and the complainant had intercourse. In addition to her identification of
appellant, the State presented an expert witness who opined that DNA taken from an
article of the complainant's clothing matched appellant's DNA. This evidence was
uncontroverted. Therefore, appellant's identity was not disputed. When the State sought
to present the testimony from the victim of another attack to establish lack of consent, the
court found the defense had not opened the door on that issue and excluded the
testimony. The gist of appellant's defense was to identify apparent inconsistencies in the
versions of events as reported by the victim and police reports. In closing argument, the
State briefly mentioned the offer of cocaine. 

 Our review of the entire record convinces us that the improperly admitted evidence
did not have a substantial injurious effect on the jury's ability to reach a verdict based on
the evidence establishing the elements of the offense. We overrule appellant's second
and final point and affirm the judgment of the trial court.


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 2002).