Affirmed and Majority and Concurring Opinions filed October 5, 2004









Affirmed and Majority and Concurring Opinions filed October 5,
2004.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-01052-CR

_______________

 

ROBERT CHARLES MCDONALD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

_____________________________________________________-

 

On
Appeal from the 232nd District Court

Harris County, Texas

Trial
Court Cause No. 881,725

________________________________________________________

 

M A J O R I T Y  
O P I N I O N

 

Robert
Charles McDonald appeals a conviction for indecency with a child[1]
on various grounds.  We affirm.








Sufficiency of the Evidence

Appellant=s first and second points of error
argue that the evidence was legally and factually insufficient to prove that
any touching he did was intended to arouse and gratify his sexual desire.

In
a legal sufficiency review, we view all of the evidence in the light most
favorable to the verdict and then determine whether a rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt.
 Jackson v. Virginia, 443 U.S.
307, 319 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim. App.
2004).  In a factual sufficiency review,
we view all of the evidence in a neutral light, and we will set the verdict
aside only if the evidence is so weak that the verdict is clearly wrong and
manifestly unjust, or the contrary evidence is so strong that the standard of
proof beyond a reasonable doubt could not have been met.  Ross, 133 S.W.3d at 620.  The requisite intent to arouse or gratify a
defendant=s sexual desire can be inferred from
his conduct, remarks, and all the surrounding circumstances, including a common
pattern of similar acts.  Ranson v.
State, 707 S.W.2d 96, 97 (Tex. Crim. App. 1986).








Appellant=s first point of error contends that
the evidence is legally insufficient to prove intent because it failed to show
that: (1) he laughed, smiled, or acted excited; (2) he admitted what he had
done, that he had a problem, or that his actions made him feel good; or (3) the
child or her grandmother reprimanded him. 
However, the child[2]
testified that: (1) appellant asked her to sit in his lap three times; (2) when
she did so, appellant made her move so her legs straddled his leg; (3)
appellant moved his leg under her private area; (4) appellant kissed her on her
left breast over her clothes; (5) when she tried to get away, appellant held
her back by placing his arms around her waist; (6) appellant asked to see under
her dress and tried to look under her dress; (7) while the child=s younger female cousin was crawling
on the floor, appellant pulled the cousin=s pants and underwear down; (8) when
the cousin sat on appellant=s lap with both legs to one side, appellant moved them so her
legs were straddling his leg; and (9) appellant touched the cousin on her
breasts and told her to put her hand on his private area.  The child=s mother similarly testified that the
child had told her that appellant had asked her to sit in his lap, made her
straddle his legs, moved his leg under her private area, and kissed her on her
breasts.  In addition, the child=s grandmother testified that she saw
the child sitting on appellant=s lap, straddling his legs, and that appellant kissed the
child=s left breast.  Because this evidence is legally sufficient
to prove that appellant acted with the intent to arouse or gratify his sexual
desire, his first point of error is overruled.

Appellant=s second point of error contends that
the evidence was factually insufficient to prove his intent because: (1) it was
dubious that someone would engage in the complained-of conduct with a child
while in a small room in the presence of her grandmother; and (2) neither the
child nor her grandmother reprimanded appellant, told him to leave, warned
others about him, or called the police. 
However, in addition to providing no record references to support these
assertions, this section of appellant=s brief essentially challenges the
credibility of the evidence rather than its sufficiency.  To whatever extent appellant=s contentions are supported by the record,
they do not render the evidence factually insufficient.  Accordingly, appellant=s second point of error is overruled.

Notice
of Intent to Use Extraneous Offense Evidence

Appellant=s third point of error argues that
the trial court erred in admitting the child=s testimony regarding an extraneous
offense because the State failed to provide adequate notice of its intent to
use that evidence at trial.  See Tex. R. Evid. 404(b).[3]








A
trial court=s ruling on the admissibility of extraneous
offense evidence is reviewed for abuse of discretion.  Page v. State, 137 S.W.3d 75, 78 (Tex.
Crim. App. 2004).  In order for evidence
of other crimes to be admissible under rule 404(b), it must be relevant for a
purpose other than to show the character of a person and that he acted in
conformity with it.  See Tex. R. Evid. 404(b).








ASame transaction contextual evidence@ is evidence reflecting the context
in which a criminal act occurred, recognizing that events do not occur in a
vacuum, and a jury has a right to hear what occurred immediately before and
after the offense in order to realistically evaluate the evidence.  Wesbrook v. State, 29 S.W.3d 103, 115
(Tex. Crim. App. 2000).  To be admissible
under rule 404(b) (i.e., relevant for a purpose other than to show
character conformity), same transaction contextual evidence must be necessary
to the jury=s understanding of the offense.[4]  Thus, necessity is the Aother purpose@ for which same transaction
contextual evidence is admissible under rule 404(b).  Rogers v. State, 853 S.W.2d 29, 33
(Tex. Crim. App. 1993).  Importantly,
therefore, necessity is not a requirement for evidence to be same
transaction contextual evidence, but instead for same transaction contextual
evidence to be admissible under rule 404(b) (and whether or not notice,
discussed below, is even an issue).  Such
necessity can exist either because: (1) several offenses are so intermixed or
connected as to form a single, indivisible criminal transaction, such that in
narrating the one, it is impracticable to avoid describing the other;[5]
or (2) the same transaction contextual evidence tends to establish some
evidentiary fact, such as motive or intent.[6]

In
addition, upon a timely request, the State must give notice of its intent to
introduce (in its case-in-chief) rule 404(b) Aother purpose@ extraneous offense evidence Aother than that arising in the same
transaction@ (emphasis added).  See
Tex. R. Evid. 404(b).  However, although necessity is required for
same transaction contextual evidence to be relevant under rule 404(b) for a purpose
other than character conformity, there is no indication that it is required in
order for same transaction contextual evidence to simply be evidence Aarising in the same transaction@ and thereby exempt from the rule
404(b) notice rule.

In
this case, the challenged extraneous offense evidence shows that, on the same
day, during appellant=s same visit to the grandmother=s apartment, and within a short time
after the charged offense, he: (1) pulled down the cousin=s pants and panties to expose her
bottom; and (2) asked her to touch his Aprivate area.@ 
Because this evidence was closely related in time, location, and subject
matter with the charged offense, it was within the trial court=s discretion to conclude that it was
evidence Aarising in the same transaction@ for which notice was not required
under rule 404(b).[7]








In
addition, rule 404(b) provides no elaboration on what constitutes Areasonable notice@ of the State=s intent to introduce non-character
conformity extraneous offense evidence, and appellant has cited no authority
specifying what reasonable notice consists of. 
In this case, the State provided appellant notice of seven extraneous
offenses, including touching the breast of the cousin.  Because appellant has provided no authority
or reasoning to show how this notice failed to constitute reasonable notice of
the State=s intent to offer non-character
conformity extraneous offense evidence, his third point of error affords no
basis for relief for this reason, as well, and is accordingly overruled.

Improper Jury Argument

Appellant=s fourth point of error argues that
the trial court erred by denying his request for a mistrial after the following
exchange:

State:  How do you think it would feel to sit up there for me to
cross-examine you on some topic?  How do
you think you=d do? 
I think [the child] did fantastic. 
I think she was very believable.

Defense
Counsel:      I=d object to what he believes.  Invades the province of the jury and
improper.

Court:                         Sustained.

Defense Counsel:      Ask the jury disregard that.

Court:                         Disregard.

Defense Counsel:      Ask for mistrial.

Court:                         Denied.

*    *   
*    *

State:                          Do you think she wanted to get on
the stand?  Did you see her walk up
there?  Who would want to do that?  I=d rather
have 20 root canals than have that done to me.

Defense Counsel:      He=s personalizing it, in fact, he wants
20 root canals.  He=s personalizing it.

Court:                         Sustained.

(emphasis added).








A
trial court's denial of a motion for mistrial is reviewed for abuse of
discretion.  Simpson v. State, 119
S.W.3d 262, 272 (Tex. Crim. App. 2003), cert. denied, 124 S. Ct. 2837
(2004).  Mistrial is appropriate for only
errors so highly prejudicial and incurable that expenditure of further time and
expense would be wasteful and futile.  Id.  Even when a prosecutor argues facts outside
the record, an instruction to disregard will generally cure the error.  Martinez v. State, 17 S.W.3d 677, 691
(Tex. Crim. App. 2000).

In
this case, appellant argues that the prosecutor=s personal beliefs regarding the
child=s credibility were so prejudicial and
incurable as to warrant a mistrial because the child=s credibility was a crucial factor in
this case.  However, appellant cites no
cases holding that denying a mistrial under such circumstances is an abuse of
discretion.  Nor does appellant provide a
rationale to show how such comments by a prosecutor would cause a rational jury
to find the child=s testimony credible if it had not found it so when it was
given.  Accordingly, appellant=s fourth point of error is overruled.

Outcry Testimony

Appellant=s fifth and sixth points of error
argue the trial court erred in allowing the child=s mother and Officer Valenta,
respectively, to testify as Aoutcry@ witnesses because: (1) the child=s grandmother was the first adult to
whom an outcry was made; and (2) with only one act of misconduct, testimony of
multiple outcry witnesses was not proper.

A
trial court=s evidentiary ruling is reviewed for
abuse of discretion and will be upheld if correct on any theory of law
applicable to the case, in light of what was before the trial court when the
ruling was made.  Sauceda v. State,
129 S.W.3d 116, 120 (Tex. Crim. App. 2004). 
Thus, the admission of hearsay testimony will be upheld on appeal if
evidence before the trial court satisfied a hearsay exception, even if a
different one than that urged by the proponent at trial.  See McDuff v. State, 939 S.W.2d 607,
619 (Tex. Crim. App. 1997).  A statement
made while the declarant was under the stress of excitement caused by a
startling event or condition is not excluded by the hearsay rule.  Tex.
R. Evid. 803(2).








In
this case, the child testified that her mother was the first person she told
about the incident and that she told her about it on the day it happened.  Her mother testified that, on the day of the
offense, after receiving a phone call from the child=s grandmother, she immediately drove
straight to the apartment to get the child. 
When she got there, the child was crying and Areally emotional,@ and the mother took her home.  After arriving home, shortly after the
incident, the mother talked to the child in detail about what happened.  During this conversation, the child was
crying.  Although the State urged the
outcry exception to overcome appellant=s hearsay objection to the mother=s testimony about what the child had
told her, it would have been within the trial court=s discretion to instead admit the
hearsay evidence as an excited utterance. 
Therefore, appellant=s fifth point of error is overruled.

With
regard to appellant=s sixth point of error, when the prosecutor asked Valenta
whether the child had told him whether appellant had touched her, appellant
objected based on hearsay.  The
prosecutor responded:

Defense counsel asked [the child] over and over and
over did [sic] she tell this witness that [appellant] just touched her; over
and over, repeatedly as if to elicit response that this witness was somehow
making it up.  And I=m trying to establish from this witness if that=s not true.

 

To the extent
this rationale offered by the prosecutor was the trial court=s basis for overruling appellant=s hearsay objection, his brief on
appeal provides no authority or reasoning addressing it at all, let alone demonstrating
that it failed to overcome his objection. 
Because appellant=s sixth point of error thus affords no basis for relief, it
is overruled, and the judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Majority and Concurring Opinions filed October 5, 2004.

Panel consists of
Justices Edelman, Frost, and Seymore. 
(Frost, J., concurring.)

Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           See
Tex. Pen. Code Ann. ' 21.11(a)(1) (Vernon 2003).  A jury convicted appellant, and the trial
court sentenced him to life imprisonment.





[2]           The
child was nine years old at the time of the offense.





[3]           The
notice requirement under section 3 of article 38.37 of the Texas Code of
Criminal Procedure pertains to evidence of extraneous offenses committed by the
defendant against the child victim of the charged offense.  See Tex.
Code Crim. Proc. Ann. art. 38.37 ' 2
(Vernon Supp. 2004).  It thus does not
apply to this evidence pertaining to another child.  In addition, although article 38.37 does not
contain an express exception to the notice requirement for evidence arising in
the same transaction, as does Rule 404(b), section 4 of article 38.37 provides
that it does not limit the admissibility of extraneous offense evidence under
any other applicable law.  See Tex. Code Crim. Proc. Ann. art. 38.37 ' 4.  Therefore,
to the extent such evidence would be admissible without notice under Rule
404(b) as same transaction evidence, it logically follows that article 38.37
would not limit that admissibility.





[4]           Wyatt
v. State, 23 S.W.3d 18, 25-26 (Tex. Crim. App. 2000).





[5]           See
Rogers v. State, 853 S.W.2d at 33-34 (holding that same transaction
contextual evidence regarding defendant=s
possession, use, and sale of marijuana was not necessary to presenting evidence
of burglary and methamphetamine offenses).





[6]           Wyatt,
23 S.W.3d at 25-26 (holding that same transaction contextual evidence of sexual
assault was necessary to prove that the murder was intentional by showing that
the sexual assault was the motive for the murder).





[7]           Moreover,
if necessity were required for evidence arising in the same transaction to be
exempt from the notice rule, the challenged evidence was necessary to prove the
requisite mental state, as demonstrated by appellant=s challenge to the legal and factual sufficiency of
the evidence to prove  that element of
the offense in his first two issues, above.