NO. 07-05-0413-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 28, 2007
                                       ______________________________

AURELIO R. MARANDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY;

NO. 0954664D; HONORABLE EVERETT YOUNG, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          A jury convicted Aurelio Maranda of aggravated robbery and sentenced him to thirty
years imprisonment. On appeal, he presents four issues contending the court erred in
admitting evidence of extraneous bad acts and by admitting a knife allegedly used in the
robbery. Finding the trial court did not abuse its discretion in admitting the challenged
evidence, we will affirm. 
 
Background
          Appellant regularly attempted to purchase Valucraft automobile carburetor cleaner
(“Valucraft”) at an AutoZone automotive parts store in Fort Worth. Because of Valucraft’s
potential use as an inhaled intoxicant, the store maintained a policy requiring purchasers
present identification at the time of purchase.
          On the day of his arrest, appellant returned to the AutoZone store. Assistant
manager Juan Galeazzi observed appellant leave the store with two cans of Valucraft in
his pockets. Appellant had not paid for the cans of Valucraft. Galeazzi followed appellant
outside the store where Galeazzi questioned him. Appellant cursed, exhibited the blade
of a pocket knife, and threatened to kill Galeazzi. Store manager Ray Perez and employee
Richard Cantu also were present. After threatening Galeazzi, appellant threw two dollars
at him and ran from the scene. The AutoZone retail price of Valucraft was $1.29 per can. 
AutoZone employees gave chase but appellant escaped as a passenger in an awaiting
SUV. Cantu obtained the vehicle’s license number, which another employee reported to
police by cell phone. 
          Fort Worth Police Officer Mark Russell responded to the call and interviewed
Galeazzi about the offense. About two hours later, Fort Worth Police Officer Robert Greer,
on routine patrol, detained appellant along with another adult and a juvenile on suspicion
of public intoxication by inhaling a chemical. A pat-down search of appellant by Greer
produced a pocket knife. Because the juvenile and adult suspects required police
processing at different locations, Greer called for assistance and Russell responded. On
arrival, Russell noticed appellant fit the description of the perpetrator of the AutoZone
robbery. Accordingly, he transported appellant and the knife back to the AutoZone store
where Galeazzi identified appellant as the perpetrator and the knife as the instrument with
which appellant threatened him.
          Appellant was indicted and tried for aggravated robbery, enhanced by a prior felony
conviction. A jury found him guilty of the charged offense and assessed punishment at
thirty years in the Texas Department of Corrections Institutional Division with a fine of
$1,000. Appellant timely appealed.         
Discussion
Issues
          Appellant presents four issues on appeal, asking: (1) whether the trial court abused
its discretion by admitting “extraneous bad act evidence that two hours after the alleged
robbery the [a]ppellant was arrested for public intoxication caused by inhaling carburetor
cleaner”; (2) whether the “trial court abused its discretion by admitting evidence about store
policy for selling carburetor cleaner because it was used illegally as an intoxicant”; (3)
whether the trial court “erred by allowing the hearsay statement that the complainant
recognized a knife shown by a police officer as the actual weapon that was used”; and (4)
whether “the trial court abused its discretion by admitting a knife that was not
authenticated.”
 
Issues 1 and 2: Rules 404(b), 401, and 403
          In his first issue appellant contends the court erroneously admitted evidence of
appellant’s extraneous conduct. By his second issue he asserts harm from admission of
the AutoZone rationale for requiring identification to purchase Valucraft.


 Appellant’s brief
discusses issues one and two together, and we will likewise address them jointly.
          Relevance of Subsequent Conduct and Events 
          We first turn to the admissibility of evidence of events subsequent to the robbery
and the store’s identification policy. 
          We review the trial court's evidentiary rulings under an abuse of discretion standard
meaning we will uphold the trial court's decision if it is within "the zone of reasonable
disagreement." Montgomery v. State, 810 S.W.2d 372, 390-91 (Tex.Crim.App. 1990) (op.
on reh'g).
          The general rule is that evidence of other crimes, wrongs, or acts is inadmissible to
prove a person's character, but evidence of other crimes, wrongs, or acts is admissible for
other purposes, such as to prove motive, opportunity, intent, preparation, plan, knowledge,
identity, or absence of mistake or accident. Tex. R. Evid. 404(b). 
          In the face of a Rule 404(b) objection, the proponent of the evidence must persuade
the trial court that the evidence has relevance apart from character conformity; that is, it
tends to establish some elemental fact, such as intent; that it tends to establish some
evidentiary fact, such as motive, opportunity, or preparation leading inferentially to an
elemental fact; or that it rebuts a defensive theory by showing the absence of mistake or
accident. Montgomery v. State, 810 S.W.2d 372, 387-88 (Tex.Crim.App. 1990). Relevant
evidence is evidence having any tendency to make the existence of any fact that is of
consequence to the determination of the action more probable or less probable than it
would be without the evidence. Tex. R. Evid. 401. Relevant evidence is presumed
admissible. Erazo v. State, 144 S.W.3d 487, 499 (Tex.Crim.App. 2004).
          Greer detained appellant and two others for suspicion of public intoxication about
two hours after the AutoZone robbery at a location approximately one mile from the
robbery site. The detainees smelled of a chemical and appeared intoxicated to the officer. 
Greer noticed a can of carburetor cleaner nearby. One of the detainees told Greer the soft
drink bottle they used as an inhaler contained carburetor cleaner. The officer testified that
people inhale carburetor cleaner to become intoxicated and such inhaling or “huffing” is
addictive. Also according to the testimony, the AutoZone store maintained a policy
requiring those purchasing Valucraft to prove an age of at least eighteen by proper
identification.
          The State contends this evidence allowed it to prove motive under a fact pattern that
might otherwise create confusion for the jury. That is, why would a person commit
aggravated robbery to obtain two cans of carburetor cleaner collectively valued at less than
three dollars? The State’s argument that a party’s appetite for an addictive substance is
evidence of motive for an offense is not of first impression. In Ladd v. State, 3 S.W.3d
547, 568 (Tex.Crim.App. 1999) the court found no abuse of discretion in admitting
evidence that the accused used cocaine on the night of a murder because the trial court
could reasonably have concluded that this conduct was evidence of the accused’s motive
for murder, that is, to obtain money for cocaine. Id.
          In the present matter, we find appellant’s use of an inhaled intoxicant, two hours
after the AutoZone robbery, relevant to motive. Facts such as his previous unsuccessful
attempts to purchase Valucraft and his failure to pay for the product on this occasion even
though he possessed sufficient funds to buy at least one can support an inference that
appellant was motivated to acquire the product from Autozone by criminal means because
he knew he would be unable to buy it.


 Evidence that he engaged in “huffing” carburetor
cleaner shortly after the robbery further served to explain appellant’s willingness to commit
aggravated robbery for an item possessing such small monetary value. The jury could
have inferred that he was motivated to perform such an extreme act for the sake of
becoming intoxicated. 
          Further, through cross-examination of the State’s witnesses appellant interjected the
theory that he attempted to purchase one can of carburetor cleaner and tendered more
than the purchase price which Galeazzi refused. In light of Galeazzi’s testimony of the
store’s efforts to avoid sale of Valucraft for use as an inhalant, evidence of appellant’s
intended use of the carburetor cleaner was relevant as rebuttal of his effort to characterize
his actions as a legitimate attempt to purchase the product.
          From our discussion of the robbery and the events following, we find the evidence
in question was relevant as same transaction contextual evidence. Extraneous offenses
may be admissible as same transaction contextual evidence when "several crimes are
intermixed, or blended with one another, or connected so that they form an indivisible
criminal transaction." Prible v. State, 175 S.W.3d 724, 731-32 (Tex.Crim.App 2005), cert.
denied, 546 U.S. 962, 126 S. Ct. 481, 163 L. Ed. 2d 367 (2005) (quoting Rogers v. State,
853 S.W.2d 29, 33 (Tex.Crim.App. 1993)). This type of evidence results when an
extraneous matter is so intertwined with the State's proof of the charged crime that
avoiding reference to it would make the State's case difficult to understand or incomplete. 
Prible, 175 S.W.3d 732. Under such circumstances, "the jury is entitled to know all
relevant surrounding facts and circumstances of the charged offense; an offense is not
tried in a vacuum." Moreno v. State, 721 S.W.2d 295, 301 (Tex.Crim.App. 1986).
          Here, the State’s case would have become disjointed had its presentation been
limited to the circumstances immediately surrounding the robbery or had the connection
between appellant’s subsequent activities and the carburetor cleaner taken in the
AutoZone robbery been redacted from Russell’s testimony.
          We conclude the trial court, without an abuse of its discretion, could have found the
evidence of events following the robbery that culminated in appellant’s arrest and
identification, relevant to motive, as rebuttal proof, or contextual transactional proof. 
          Rule 403: Is Relevant Evidence Nevertheless Inadmissible?
          In evaluating Rule 403 issues, courts begin with the presumption the probative value
is not substantially outweighed by other factors. Tex. R. Evid. 403; Williams v. State, 958
S.W.2d 186, 196 (Tex.Crim.App. 1997). 
          The Court of Criminal Appeals has identified four factors a court should consider in
performing the balancing examination Rule 403 requires. They are (1) the probative value
of the evidence; (2) the potential the other offense evidence has to impress the jury in
some irrational but nevertheless indelible way; (3) the time the proponent needed to
develop the evidence, during which the jury will be distracted from consideration of the
indicted offense; (4) the proponent’s need for the evidence. Erazo v. State, 144 S.W.3d
487, 489 (Tex.Crim.App. 2004) (citing Montgomery, 810 S.W.2d at 389-90). 
          The evidence of appellant’s activity during the two hours following the AutoZone
robbery, we have concluded, was relevant to his motive for aggravated robbery, to rebut
his defense of a legitimate transaction, or as same transaction, contextual evidence. While
the evidence appellant inhaled carburetor cleaner for intoxication is relevant on these
grounds we find little if any likelihood that it impressed the jury in an irrational but indelible
way. In other words, a reasonable juror would not have been persuaded to wrongly convict
appellant for aggravated robbery based on evidence of his inhaling a chemical, a Class B
misdemeanor. Tex. Health & Safety Code Ann. § 485.031 (Vernon 2003). About ten
percent of the reporter’s record concerns the State’s development of inhaling and
appellant’s conduct following the robbery. This presentation consumed a minimal amount
of trial time and could not have significantly distracted the jury, particularly given the
notable intertwining of facts surrounding the robbery and appellant’s subsequent conduct. 
Finally, and as noted, the State needed evidence of appellant’s subsequent activity to bring
cohesion to what would otherwise have been an incomplete and likely confusing factual
narrative.
          Finding no abuse of discretion in the admission of the evidence, we overrule
appellant’s first and second issues.
Issue 3: Proof of the Robbery Weapon
          By his third issue, appellant contends the trial court allowed a hearsay statement to
prove the knife offered at trial was the weapon used to threaten Galeazzi in the robbery.
          The essence of appellant’s hearsay complaint is that Russell was allowed to testify
that when he returned to the AutoZone store Galeazzi identified the knife Russell received
from Greer as the offense weapon. The State counters that the statement comes within
the excited utterance exception to the hearsay rule, Tex. R. Evid. 803(2), or appellant
forfeited a hearsay objection when he elicited the same testimony on cross-examination. 
          Hearsay is “a statement, other than one made by the declarant while testifying at
the trial or hearing, offered in evidence to prove the truth of the matter asserted.” Tex. R.
Evid. 801(d). The admissibility of hearsay evidence is a question for the trial court to
resolve and we review its determination under an abuse of discretion standard. Coffin v.
State, 885 S.W.2d 140, 149 (Tex.Crim.App. 1994). Improper admission of evidence does
not constitute reversible error if the same facts are proved by other, properly admitted
evidence. Anderson v. State, 717 S.W.2d 622, 628 (Tex.Crim.App. 1986).
          We initially review the other trial testimony regarding the knife. Galeazzi testified
that during the robbery appellant pointed an open knife at him and said he would kill him. 
Appellant fled the scene but was detained a couple of hours later by Greer on suspicion
of public intoxication. Greer’s search of appellant produced a pocket knife, which he
placed on the hood of his patrol car. Russell responded to Greer’s request for assistance
with appellant and the other public intoxication suspects. Believing appellant fit the
description of the suspect in the AutoZone robbery, Russell transported appellant and the
knife left on the hood of Greer’s patrol car back to the AutoZone store. Galeazzi testified
that after he identified appellant in the patrol car as the robbery perpetrator, the officer, that
is, Russell, showed him a knife. Galeazzi further testified that this was the same knife
appellant used to threaten him. Russell testified that he retained custody of the knife he
collected, placed his initials and identification number on it, and delivered it to the police
department property room. The evidence was “booked in” later that day. Russell brought
the envelope from the property room containing the knife to trial for his testimony and
admission. According to Russell, the knife he produced at trial was the one he collected
on the date of the AutoZone robbery. On the morning of trial, Greer also recognized the
knife in question. 
          It is axiomatic that Russell’s testimony of what Galeazzi told him about the knife was
hearsay. But it is unnecessary to consider whether the statement comes within the excited
utterance exception to the hearsay rule or whether appellant forfeited the hearsay objection
by eliciting the same testimony on cross-examination. As demonstrated by the facts we
have recited, the knife offered at trial was identified as the offense weapon through other
testimony of Russell and Galeazzi without objection. The error, if any, of the trial court in
allowing the challenged testimony of Russell was harmless. See Brooks v. State, 990
S.W.2d 278, 287 (Tex.Crim.App. 1999) (any error in the admission of hearsay testimony
was harmless in light of other properly admitted evidence proving same fact). 
          We overrule appellant’s third issue.
Issue 4: Authentication of the Robbery Weapon
          In his fourth issue, appellant claims the knife the State offered at trial was
erroneously admitted because it was not authenticated as the knife used for commission
of the offense. Based on appellant’s trial objection we interpret his complaint to be that a
link in the chain of custody authenticating the knife is missing because Russell offered
hearsay testimony that Galeazzi identified the robbery weapon. 
          Authentication of physical evidence requires identification by "evidence sufficient to
support a finding that the matter in question is what its proponent claims." Tex. R. Evid.
901(a). Rule 901 requires only a showing satisfying the trial court that the matter in
question is what its proponent claims. Silva v. State, 989 S.W.2d 64, 67-8 (Tex.App.–San
Antonio 1998, pet. ref'd). Evidence should be admitted if the trial court finds that a
reasonable juror could find that the evidence was authenticated. Pondexter v. State, 942
S.W.2d 577, 586 (Tex.Crim.App. 1996). Proof of the beginning and end of the chain of
custody will support admission of an object barring any evidence of tampering or alteration.
Stoker v. State, 788 S.W.2d 1, 10 (Tex.Crim.App. 1989), cert. denied, 498 U.S. 951, 111
S. Ct. 371, 112 L. Ed. 2d 333 (1990). Without evidence of tampering, most questions
concerning care and custody of an item go to the weight attached, not the admissibility, of
the evidence. Lagrone v. State, 942 S.W.2d 602, 617 (Tex.Crim.App. 1997) (addressing
custody of controlled substance). The trial court has discretion to determine the sufficiency
of an evidentiary predicate. Smith v. State, 683 S.W.2d 393, 405 (Tex.Crim.App. 1984). 
Once the proponent of evidence meets the threshold requirement of presenting testimony
that the evidence is what the proponent says it is, the weight given the evidence and
related testimony is within the province of the trier of fact. See Davis v. State, 922 S.W.2d
8, 11-12 (Tex.App.–Houston [1st Dist.] 1996, no pet.) .
          Here, direct testimony established that Russell returned to the AutoZone store with
the knife Greer found in appellant’s possession. At the store, Galeazzi positively identified
the knife as the weapon with which appellant threatened him. On cross-examination by
appellant, Russell agreed that when he returned the knife to the AutoZone store Galeazzi
was the only person able to identify it. Russell maintained custody of the knife until later
that day when he tagged it and booked it into the evidence room. There it remained in an
envelope until the morning of trial. Greer also recognized the knife. Under such facts, the
court did not abuse its discretion by admitting the knife as the offense weapon. 
          We overrule appellant’s fourth issue.
Conclusion
          Having overruled appellant’s four issues, we affirm the judgment of the trial court.
 
                                                                           James T. Campbell

                                                                                    Justice













Publish.